WILLIAM RITTER AND JOHN MULLALY, Respondents, *v.* THE
SUN MUTUAL INSURANCE COMPANY, Appellant.

*Insurance—Policy—Risk.*—The charter of an insurance company, which was
printed on and made part of the policy, provided that the insurance should
be void if any alteration were afterwards made in the building insured, or
if any other building should be erected or placed contiguous thereto, where-
by it might be exposed to greater risk or hazard than it was when insured,
unless done with the consent of the directors. In a suit upon the policy,
*held,* that the burden of proof was upon the company to show a violation of
the terms of the policy ; and that it was properly left to the jury to determ-
ine whether any contiguous buildings had been erected so as to increase the
risk that had been taken.

*Appeal from St. Louis Circuit Court.*

*Krum & Decker*, for appellant.

*G. P. Strong* and *R. S. McDonald*, for respondents.

HOLMES, Judge, delivered the opinion of the court.

The charter under which the policy was issued contained
a provision that the insurance should be void if any altera-
tion were afterwards made in the building insured, or if any
other building or thing should be " erected or placed contig-
uous thereto," whereby it might be exposed to greater risk
or hazard than it was when insured, unless the same should
be done "with the consent of the directors, and an additional
premium be paid to the company on account thereof." The
lot of ground on which the buildings in question were situ-
ated ran through from Sixth street to Broadway. The brick
buildings insured fronted on Sixth street ; the other build-
ings fronted on Broadway ; and there was a vacant space or
yard, some eight or ten feet wide, between them in the rear.
At the date of the policy, the stable covered a part of the
front on Broadway, and had an ell fronting on this space in
the rear and crossing the whole width of the lot ; and after-
wards, the other part of the lot fronting on Broadway was
built up and roofed over to make a part of the old stable,
extending back to the ell. There was evidence bearing upon
the question of fact whether the new erection were contigu-

ous and increased the risk. The instructions told the jury that the burden of proof was upon the defendant to show that this condition of the policy had been violated, and that unless they believed that the risk was increased by this erection, they would find for the plaintiff; and the plaintiff had a verdict.

This provision of the charter, which was annexed to the policy, is to be considered as much a part of the policy as if it had been distinctly referred to therein ; and it was a part of the contract. But whether any contiguous building had been erected so as to increase the risk that had been taken, was a matter of fact for the jury to determine. This would seem to be clear upon all the authorities—2 Greenl. Ev. § 408; Grant v. Harvard Ins. Co., 5 Hill, 10 ; Murdock v. Chenango Ins. Co., 2 Comst. 210 ; Stetson v. Mass. Mut. Ins. Co., 4 Mass. 330 ; Merriam v. Middlesex Mut. Ins. Co., 21 Pick. 162; 1 Phil. Ins. § 1036. The new erection was not in fact contiguous, though in the near neighborhood. The fire could not be communicated directly from the new building, but only (as it was communicated) through the old stable as it was before. The increase of risk, if anything at all, must have been very slight, and was too far remote. We think the verdict was fully sustained by the evidence.

The instructions which were refused for the defendant, so far as they differed from those which were given for the plaintiff, were upon matters immaterial to the issue before the jury, or they were substantially contained in those that were given.

Some exceptions were taken by the defendant to the admission of testimony relating to the consent of the directors. It failed to show any such consent, and this matter was not involved in the issue of fact on which the case was submitted to the jury. We do not see that the defendant has suffered any prejudice by what was admitted, nor by the refusal of instructions.

Judgment affirmed. The other judges concur.