WILLIAM McLOON *vs.* COMMERCIAL MUTUAL INSURANCE COMPANY.

The burden of proving compliance with an express warranty, whether affirmative or negative, in a policy of insurance, rests upon the assured.

A policy of insurance on a ship contained a warranty " that the vessel be commanded by a captain holding a certificate from the American Shipmasters' Association." At the time of the loss of the vessel, in April 1863, the captain commanding her had in his possession a certificate issued to him by said association in December 1861, subject " to be revoked at any time under the rules of this association, and at its option, either by notice to the holder or by advertisement in the public papers," and a memorandum thereon required the holder to present the certificate at the office of the association for indorsement " at or before the expiration of one year; if on a voyage, then on return to New York." The certificate had never been revoked by any act of the association; but, though the captain had been in New York in 1863 and 1864, he had never presented the certificate for indorsement. *Held,* that the warranty was complied with.

CONTRACT upon two policies of insurance, one upon the ship Young Mechanic, and the other upon her freight, on a voyage from Boston to Hong Kong. Upon the margin of the policy on the ship was printed, and upon the margin of that on the freight was written, these words : " Warranted by the assured that the vessel be commanded by a captain holding a certificate from the American Shipmasters' Association."

At the trial in this court, before *Hoar,* J., William Grant, late captain of the Young Mechanic, which sailed from Boston March 5, 1866, and was wholly lost at sea April 10, 1866, testified that he procured from the American Shipmasters' Association in New York, in December 1861, a certificate, which he produced, and which was in substance as follows: " American Shipmasters' Association. Number 660. New York, Decem-

ber 11th, 1861. This certifies that William Grant has been registered by this association as an approved shipmaster. This certificate is granted and received with the understanding that it may be revoked at any time under the rules of this association, and at its option, either by notice to the holder or by advertisement in the public papers. I. H. Upton, Sec'y." This certificate was indorsed: " The holder of this certificate is required to present it at this office for indorsement at or before the expiration of one year; if on a voyage, then on return to New York, provided that if absent from New York for more than one year, the holder must send his address to this office, when an indorsement may be sent to attach thereto." He further testified that he was absent from New York till May or June 1863, and was there twice in that year; that he was in New York twice in 1864, a good while in all, perhaps three months; but that in no time in 1863 or 1864 did he apply for a new certificate, or for an indorsement; that in 1866, just before taking command of the insured ship, he was in New York, arriving there from sea, and made then no application for a new certificate, or for an indorsement; that he never sent his address by mail to the association; that he read the memorandum on the back when the certificate was received, and knew he could get it indorsed o. renewed at any time; that, at the time he sailed in the insured ship, he thought that he did not have a certificate, and knew that it had never been indorsed or renewed, and did not know it would make any difference, or he would have got one.

Isaac H. Upton, secretary of the American Shipmasters' Association, in reply to a question whether Captain Grant was in 1866 a holder of an actual certificate of the association for the year 1866, or for any part of said year, testified that he was not so recognized by the association, and that he was not recognized because his certificate had expired by limitation, and had never been renewed, and that his mere presentation of it would not have entitled him to a renewal.

On the above facts, the judge, at the request of the defendants, reported the case for the determination of the full court. If the court should be of opinion that the warranty was broken,

judgment to be entered for the defendants; otherwise, for the plaintiff.

*H. W. Paine & R. D. Smith,* for the plaintiff.

*W. D. Booth* (of New York) *& T. W. Clarke,* for the defend ants.

GRAY, J.   An express warranty in a policy of insurance is a condition precedent, the burden of proving performance of which rests upon the assured.   The nature and form of the warranty may affect the amount of evidence to be required of the plaintiff in the first instance ; but whether the terms used are affirmative or negative, the warranty is equally a condition precedent, performance of which must be proved by the plaintiff in order to maintain an action on the policy.   The rule has accordingly been applied equally to warranties to sail with convoy or with a certain crew, armament or license, and to warranties not to carry a particular kind of merchandise.   3 Kent Com. (6th ed.) 288. Marshall on Ins. (5th ed.) 561.   2 Phil. Ins. § 2122.   2 Arnould on Ins. (3d ed.) 1072.   *Craig* v. *United States Insurance Co.* Pet. C. C. 416.   *Campbell* v. *New England Insurance Co.* 98 Mass. 390.   *McLoon* v. *Mercantile Mutual Insurance Co.*[*]

The warranty in this case is, " that the vessel be commanded by a captain holding a certificate from the American Shipmasters' Association."   We concur with the learned counsel for the defendants, that this means a valid and subsisting certificate

---

[*] WILLIAM McLoon *vs.* MERCANTILE MUTUAL INSURANCE COMPANY.

CONTRACT on a policy of insurance on the ship Young Mechanic, " warranted by the assured not to carry coolie passengers or petroleum."   At the trial before *Hoar,* J., it appeared that the ship carried as cargo two thousand gallons of kerosene illuminating oil; and there was conflicting evidence upon the point whether kerosene was petroleum.   The whole case was reported at the request of the defendants for the determination of the full court, before whom it was argued at the same time and by the same counsel as the case in the text.

CHAPMAN, C. J.   Upon the warranty not to carry petroleum, the burden is on the plaintiff to prove that the article carried was known in commerce as a different article from that which is bought and sold as petroleum.   This is merely a question of fact, proper to be determined by a jury, and our opinion in regard to it would not affect any future case.        *Case to stand for trial.*

But we are of opinion that, upon the facts stated in the report the master of the Young Mechanic held such a certificate at the time of the loss of the vessel in April 1866. It is admitted that such a certificate was issued to him by the association in due form in December 1861, certifying that he had "been registered by this association as an approved shipmaster," and subject to "be revoked at any time under the rules of this association, and at its option, either by notice to the holder or by advertisement in the public papers." By a memorandum upon this certificate, the holder "is required to present it at this office for indorsement at or before the expiration of one year; if on a voyage, then on return to New York." But the certificate contains no provision that it shall expire by any limitation of time, or failure to comply with its directions, or in any other way except by being revoked by the association. It is immaterial whether Captain Grant or the association considered that he held a certificate at the time of the loss; for the only question under the terms of the warranty is whether he actually held one; and a warranty must be strictly complied with according to its terms, whether such strictness operates in favor of the insurers or of the assured. *Forbush* v. *Western Massachusetts Insurance Co.,* 4 Gray, 340, 341. *Judgment for the plaintiff.*