THE ALLEMANIA FIRE INS. CO. V. L. & P. FRED.

No. 1291.

**1. Pleading—Petition—Insurance Policy.**

Where the petition in an action on a fire insurance policy does not set up the conditions and warrant.es of the policy that would render it void, nor make the petition an exhibit thereto or part thereof, nor admit that there was a violation of the warranties by plaintiff, it is not subject to a general demurrer urged on the ground that because of the conditions, stipulations, and warranties therein which plaintiffs bound themselves to keep but failed, the petition shows no cause of action.

**2. Fire Insurance Policy—Iron Safe Clause—Proof of Breach.**

An insurance policy contained an "iron safe clause" requiring that the insured should keep a set of books and an inventory "securely locked in a fire-proof safe at night and at all times when the store is not actually open to business." The books and inventory, together with the store and goods, were destroyed by fire, but it did not appear whether the fire was in the day time or at night, nor whether the store was not open for business at the time of the fire. Held, that a breach of the conditions of the iron safe clause was not shown.

**3. Same—Burden of Proof.**

In an action upon a fire insurance policy, the burden of proving that there has been a breach of the stipulations and warranties contained in the policy rests upon the defendant.

APPEAL from McLennan. Tried below before Hon. L. W. GOOD-RICH.

*Thos. P. Stone,* for appellant.

*H. N. Atkinson,* for appellees.

COLLARD, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the District Court of McLennan County for $1000 and interest, in favor of appellees.

*Opinion.*—Appellant complains, first, that the court below erred in overruling defendant's general demurrer to plaintiffs' petition, because by reason of the conditions, stipulations and warranties as contained in the policy which plaintiffs bound themselves to keep, but failed, the petition showed no cause of action.

The petition does not set up the conditions and warranties of the policy which would render it void; nor does it make the policy an exhibit thereto or a part thereof, or admit that there was a violation of the warranties by plaintiffs as set up in the answer of defendants. The petition was sufficient as against a general demurrer.

The next complaint of appellant is that in as much as the suit ·was upon a policy of insurance which contained the usual "iron safe clause," which clause contained stipulations, conditions and warranties which, if not complied with by plaintiff, would defeat any liability against defendant, the court erred in finding that plaintiff ought to recover; and also, that the court erred in finding the fact that plaintiffs did not keep their books in an iron safe or some other secure place and then finding as a matter of law that plaintiffs ought to recover.

1. The policy of fire insurance was issued to plaintiffs as charged in the petition, insuring plaintiffs' goods against loss by fire to the amount of $1000, subject to the conditions contained in the policy, for 12 months as alleged.

2. The fire occurred on the 18th day of November, 1893, and the goods of plaintiffs insured were destroyed by fire as alleged.

3. The goods so destroyed were worth the sum of $1500 to $2000.

4. The policy, among other conditions and stipulations, contained the following, pasted in the instrument: 1st. "This policy is accepted subject to the conditions of the three-fourths loss and iron safe clause as per printed form below and made part of the policy. 2d. The assured under this policy hereby covenants to keep a set of books showing a complete record of all business transacted, including all purchases and sales, both for cash and on credit, together with the last inventory of said business; and further covenants and warrants to keep such books and inventory securely locked in a fire proof safe at night and at all times when the store mentioned in the within policy· is not actually open for business, or in some secure place not exposed to a fire which would destroy the house where said business is carried on; and in case of loss the assured warrants and covenants to produce such books and inventory, and in the event of a failure to produce the same this policy shall be deemed null and void, and no suit or action at law shall be maintained thereon for any such loss. 3d. Attached to and made the written part of policy No. 17,385 of the Allemania Fire Insurance Company of Pittsburg, Pennsylvania."

(Signed)                                                        Will Davis, Agent.

In the body of the policy, under the foregoing, which is pasted in the same, is the following: "This policy is made and accepted subject to the foregoing stipulations and conditions, with such other provisions, agreements or conditions as may be endorsed hereon or added hereto." It is then provided that "no officer, agent or other representative of the company" shall have power to waive any of the conditions of the policy except such as by its terms may be the subject of agreement endorsed thereon or added thereto, and as to such shall not be deemed to have been waived unless the waiver be written upon or attached to the policy. The same provision is prescribed as to privileges or permissions allowed under the policy.

The body of the policy also provides that: "The insured, as often as

required, shall exhibit to any person designated by this company all that remains of the property herein described, and submit to examination under oath by any person named by this company and subscribe the same; and as often as required shall produce for examination all books of accounts, bills, invoices and other vouchers, or certified copies thereof if the original be lost, at such reasonable place as may be designated by this company or its representatives, and shall permit extracts and copies thereof to be made.

It was proved that Wm. Davis, the agent for, and who issued the policy for the company, knew at the time of its issuance, and was so informed by plaintiffs, that they had no fire proof safe and that their business would not justify the purchase of one. This agent testified, and as it is not controverted by the plaintiffs, we find the facts to be, that he informed plaintiffs at the time of the issuance of the policy that the clause requiring them to keep a fire proof safe was immaterial, but that they would have to keep their books and last inventory as provided for in the policy in some secure place so that they would not be destroyed in the event of fire destroying the goods and the house containing them. He further testified, and we take it to be true, that before he delivered the policy to plaintiffs he read the entire policy over to them, and explained fully to them the clause in the policy in reference to the keeping of their books and the last inventory in a fire proof safe or some other place where they would not be destroyed by fire and instructed and advised them that if they did not keep their books and last inventory of their business in some secure place where they would not be destroyed by fire, and fully comply with that clause of the policy, it would be null and void; that plaintiffs expressed themselves as fully understanding said clause and all conditions contained in the policy, and accepted the same after such explanations by him, and expressions by them; that the attached paper to the policy with all its conditions and stipulations was fully explained by him to them, the plaintiffs, before they accepted the policy, and that they expressed themselves as fully understanding the same.

It was admitted by plaintiffs on the trial, and it is a fact, that they failed to keep a set of books showing a complete record of all business transacted by them, with the last inventory of their business, securely locked in a fire proof safe at night and at all times when the store mentioned in the policy was not open for business, or in some other secure place not exposed to a fire which would destroy the house where their business was conducted, and that they failed to produce after the fire occurred, "such books of inventory" to show how much such loss was, because the books and inventory had been destroyed in the same fire which destroyed the building and its contents.

Plaintiffs offered to produce to defendant invoices from merchants from whom they had purchased the goods, and make proof of loss after the fire, but defendant's agent refused to receive any evidence except

the original books, invoices and last inventory, relied upon the iron safe clause of the policy, and denied all liability thereunder.

We find that at the time policy issued plaintiffs had notice of the matter, conditions and stipulations shown to have been pasted in the body of the policy.

The statement of facts does not show whether the fire destroying the goods occurred in the day time or at night, nor that it occurred when the store was not open for business. It is simply shown that the fire occurred November 18, 1893. The findings of fact by the court below do not find upon this fact.

With foregoing additions, we adopt the findings of fact by the court below, which are true.

Defendant below set up in its answer the iron safe clause and the clause to produce the books and last inventory as defenses.

The lower court evidently concluded that plaintiffs were entitled to recover upon the ground that the policy permitted them to produce certified copies of original invoices, etc., if the originals were lost, and inasmuch as they offered to produce copies of invoices from merchants from whom the goods were purchased and to make proof of loss, which defendant refused to receive, there was no breach of the iron safe clause of the policy, or the clause requiring the insured to produce their books, invoices and last inventory, notwithstanding the books, original invoices and last inventory were not produced, they having been destroyed in the fire which consumed the goods.

Assignments of error insisted on by appellant are addressed to the foregoing conclusion of the court below upon the force of that part of the policy which authorized plaintiffs to produce copies of invoices, etc., in case the originals should be lost.

We think it is unnecessary to decide the point upon which the court's decision rested, because defendant failed to show any breach of the iron safe clause of the policy—that is, failed to show that the store was not open for business, or that it was closed at the time the fire occurred.

We do not understand that plaintiffs admitted on the trial below that they did not keep a set of books showing a complete record of all business transacted by them, with the last inventory of the business, but that they did not keep such books and inventory securely locked at night and at all times when the store was not actually open for business, or in some other secure place not exposed to a fire which would destroy the house where the business was carried on. They also admit, and it is true, that they failed to produce, after the fire occurred, such books and inventory to show how much the loss was, "because the books and inventory had been destroyed in the same fire which destroyed the building and contents.

The warranty relied on by defendants required plaintiffs to keep such book and inventory, and to keep them locked in a fire proof safe at night and at all times when the store was not actually open for busi-

ness, or some other secure place not exposed to fire which would destroy the house.

Now, if the fire destroying plaintiff's goods had occurred in the daytime, when the store was open for business, there would be no breach of the covenant, because the terms of the same clearly allow the books and inventory to be kept in the store in the day time when open for business, and if they were destroyed while in the store at such time they could not be produced, and a failure to produce them would not be a failure to comply with the agreement to do so, when properly construed.

In order to make available the alleged breach of warranty, it was incumbent upon the defendant to prove it as alleged. The proof failed to show the breach relied upon, and it must be held that there was no error in the judgment of the court below. 1 Wood on Ins., secs. 209, 185, pp. 503, 434.

The burden of proving the contract of insurance is upon the assured, and if there are conditions precedent to the completion of the same, plaintiffs must show that they have been complied with, but matters of defense showing that the policy has been rendered null, or that a warranty set up as a defense has been broken, the burden of proof is upon the insurer. If the fact be shown, or appears on the trial, that would, unexplained, render the policy void, the burden is upon the assured to show facts of waiver or that would excuse a compliance with the warranty. Ins. Co. v. Rivers, 28 S. W. Rep., 453, and authorities cited; Ins. Co. v. Ewing, 92 U. S., 377; Ins. Co. v. Dyches, 56 Texas, 566; Ins. Co. v. Gargett, 42 Mich., 289; Ins. Co. v. Nichols, 24 S. W. Rep., 911; Boos v. Ins. Co., 64 N. Y. App., 239; Ritter v. Ins. Co., 40 Mo., 40; Hannah v. Chadwick, 2 Willson C. C., sec. 517; Gann v. Shaw, Id., sec. 256; Dwyer v. Ins. Co., 57 Texas, 183; Clark v. Hills, 67 Texas, 148.

In Massachusetts the doctrine is that the burden is upon the assured to prove a literal compliance with all express warranties, whether promissory or relating to things past. 98 Mass., 390; 100 Mass., 472; 10 Gray (Mass.), 131. This is also the view expressed by Wood. See Wood, Fire Ins., pp. 1204, 1206, sec. 536. But we do not think it would be held to be correct in this State under the rule that the party pleading a breach of warranty to avoid a deed or contract must plead and prove the fact. Nor would such holding be in accord with the decisions of our courts cited above.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered October 9, 1895.