NORTHERN ASSUR. CO. OF LONDON v. APPLEGATE.

(Court of Civil Appeals of Texas. Amarillo. Oct. 13, 1911.)

INSURANCE (§ 646*)—PERFORMANCE OF CONDITIONS—BURDEN OF PROOF.

Where, in an action on a fire policy, plaintiff alleged the issuance of the policy, destruction of the property, ownership, value, and compliance with all the conditions of the contract, while defendant filed a general denial and alleged a breach of such conditions, plaintiff having proved delivery of the policy, the loss by fire, ownership at the time of the loss, value of the property, and the making of proofs of loss and failure to pay, the burden was on the defendant to prove breach of conditions.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 487; Dec. Dig. § 646.*]

Appeal from Deaf Smith County Court; C. D. Wright, Judge.

Action by Bert Applegate against the Northern Assurance Company of London. Judgment for plaintiff, and defendant appeals. Affirmed.

Carl Gilliland, for appellant. Barcus & North, for appellee.

GRAHAM, C. J. Appellee filed suit in the county court of Deaf Smith county against appellant to recover $250, the amount called for in a certain fire insurance policy sued on, alleging that the policy had been issued and delivered to appellee by appellant, that the premium or charge therefor had been paid by appellee; that all the property covered by the policy had been wholly destroyed by fire at a time when the policy was in full force and effect, and that the property was owned by appellee when the policy was issued, as well as when the property was destroyed by fire; that appellee had complied with all the terms and conditions of the contract arising from the issuance and delivery of said policy, and resulting from said fire, and as a result thereof appellant had promised and became bound to pay to appellee the full value of the property covered by said policy at the time of its destruction, which was alleged to be $250. Appellant answered by a general demurrer, a general denial, and pleaded many of the provisions and conditions of the policy, alleging a breach thereof as against appellee's right to recover. On the trial appellee introduced the policy of insurance in evidence and then testified in person to the facts as alleged in his petition; his testimony showing that the property covered by the policy was at the time of its destruction by fire of the value of $248. Appellant introduced no evidence, nor was any introduced tending to show that any one of the conditions set out in the policy had been breached. The case was tried before a jury, and at the conclusion of the introduction of evidence the trial court peremptorily directed the jury to return a verdict for appellee for the sum of $248, which the jury did, and, judgment having been rendered thereon, the case is brought before this court on appeal by appellant on two assignments of error.

Appellee objects to our considering appellant's assignments as presented in its brief, contention being made that rules 30 and 31 for the government of this court (67 S. W. xvi) have both been violated in the preparation of said brief. While we are not prepared to say appellee's contention is not well founded, we have concluded to consider appellant's assignments and dispose of the appeal on its merits.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appellant's contention, under its two assignments, is, in effect, that the burden was on appellee to allege and prove that all the terms and conditions specified in the policy had been complied with by appellee as a condition precedent to his right of recovery. We cannot agree with appellant in this contention, but think, when appellee had alleged and proven the issuance and delivery of the policy to him by appellant for a valuable consideration paid by appellee, the destruction by fire of the property, his ownership thereof at the time of the issuance of the policy and at the time of the fire, and its value at the time of its destruction, that he had made the proofs of loss and demanded payment and the refusal to pay by appellant, appellee had made a case entitling him to recover; and, if any of the terms of the policy had been breached by appellee which would deprive him of his right to recover, the burden of so alleging and proving was on appellant. Alamo Fire Insurance Company v. Hill, 36 S. W. 102; Allemania Fire Insurance Company v. Fred et al., 11 Tex. Civ. App. 311, 32 S. W. 243; Sullivan v. Hartford Fire Insurance Company, 34 S. W. 999.

The pleadings of appellee and his evidence introduced in support thereof showing without any conflict that those things were done and had occurred necessary to entitle appellee to recover unless his right so to do had been forfeited as a result of a breach of some one or more of the conditions subsequent as provided in the policy, and there being no evidence tending to show a breach of any one of said conditions, we hold that the trial court correctly instructed the jury to find for appellee; and, as the evidence without conflict shows that the value of the property covered by the policy at the time of its destruction by fire was $248, the court also properly directed the jury to find for that amount.

Finding no error in the record, the judgment of the trial court will be in all things affirmed, and it is so ordered.