### STEVENS v. WAFER. (No. 2234.)

Court of Civil Appeals of Texas. El Paso. Feb. 14, 1929.

Rehearing Denied March 7, 1929.

Armstrong & Morrow, of El Paso, for appellant.

C. M. Wilchar, of El Paso, for appellee.

PELPHREY, C. J. Appellee sued appellant in the county court at law of El Paso county, Tex., for the sum of $600 damages alleged to have arisen by the failure of appellant to have issued to appellee, in some insurance company represented by appellant, a policy on a house belonging to appellee near Fort Hancock, Tex., as he had agreed to do.

Appellant answered by general demurrer and general denial, and interposed the following special exception: "Defendant especially excepts for the reason that said petition does not allege that if said insurance had been procured, that under the terms thereof said insurance policy would have covered the loss which plaintiff sustained, in that it does not undertake to allege the terms of the contract which defendant was to procure from his undisclosed principal."

And for the further special reason that said petition does not allege that said policy was for any specified term, or that the policy ordered was to be in force on January 1, 1928.

The general demurrer and special exceptions were overruled by the court.

The case was submitted to a jury upon one special issue, and that issue having been answered by the jury favorable to appellee, judgment was rendered in his favor for $600, less the sum of $15.72, premium on the policy ordered. Mr. Stevens has appealed from that judgment.

### Opinion.

Appellant presents three propositions upon which he seeks a reversal, but they all being directed to one question of law, we will consider them, as has appellant, together.

The sole question involved in the appeal is whether appellee, without alleging and proving that he could have recovered under the

insurance contract which should have been procured for him by appellant, can recover damages against appellant for failing to procure the contract.

While it has been held in this state that in an action on a policy of fire insurance, a petition which does not set out the terms of the policy is demurrable, Commercial Union Assurance Co. v. Dunbar, 7 Tex. Civ. App. 418, 26 S. W. 628, we do not think that the same rule is applicable to the case under consideration.

The record shows that appellant represents eight or nine different fire insurance companies, and it is entirely possible that they each issue a different kind of policy. Appellee has no way of knowing with which company appellant intended to place his insurance, and consequently, if it be true that the policies are not uniform, it would be impossible for appellee to allege what the terms of the intended policy would have been if it had been issued.

If we understand the nature of appellee's cause of action, it is for damages for a breach of contract to insure his property in one of the companies represented by appellant.

He has alleged the contract and its breach and is claiming damage for that breach, and that but for appellant's breach of contract appellee would have had a valid and subsisting policy of fire insurance on his buildings in the additional sum of $600 in one of the companies represented by appellant.

We think that appellee has alleged a good cause of action, and that appellant, if the loss occurred under conditions which would relieve his companies, or any of them, from liability, or have prevented appellee from recovering for the loss, should have alleged and proved those facts.

It has repeatedly been held in this state that the burden is upon the insurer to prove insured's breach of conditions in the policy, and that the plaintiff need only prove his insurance and his loss under it. Hartford Fire Insurance Co. v. Watt (Tex. Civ. App.) 39 S. W. 200, error refused; St. Paul Fire & Marine Insurance Co. v. Laster (Tex. Civ. App.) 187 S. W. 969; German Insurance Co. v. Cain (Tex. Civ. App.) 37 S. W. 657; Sullivan v. Hartford Fire Insurance Co. (Tex. Civ. App.) 34 S. W. 999, error dismissed; Allemania Fire Insurance Co. v. Fred, 11 Tex. Civ. App. 311, 32 S. W. 243, error dismissed; Northern Assur. Co. v. Applegate (Tex. Civ. App.) 145 S. W. 295. And we think that appellant, if there had been such a use of the premises by appellee as would have prevented his recovery, as suggested by appellant in his brief, would have had the burden upon him to allege and prove that use.

We have found no case in this state holding what the requisites of a petition are in an action of this character, but we feel that this being an action for a breach of contract to secure additional insurance for appellee, and he having alleged the contract, its breach, and that his property was destroyed by fire, and that he was damaged in the amount of the additional insurance contracted for by said breach, his petition states a good cause of action as against both the general and special demurrer.

Appellant also claims that the petition was insufficient because it failed to allege that had the insurance policy been procured, he could have recovered $600 on it.

As said before, the petition alleges that but for appellant's breach of his contract to procure the insurance, appellee would have had a valid and subsisting policy of additional insurance for $600, and we are unable to see what more appellee might or could have alleged.

The whole case in the trial court seemed to be whether there had been an agreement to procure the additional insurance by appellant or not, and the jury having found that issue adversely to him, we see no reason to disturb the judgment based thereon, and it is affirmed.