[No. 11030.   Department Two. — October 28, 1886.]

|   |   |
|---|---|
| 71 | 221 |
| 139 | 648 |

## TIDE LAND RECLAMATION COMPANY, RESPONDENT, *v.* THOMAS CUNNINGHAM, APPELLANT.

NEW TRIAL — APPEAL FROM ORDER GRANTING — INSUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT — PRESUMPTION. — On appeal from an order granting a new trial in an action tried by a jury, where the record fails to show upon what ground the motion was granted, and the evidence is conflicting, it will be presumed that the motion was granted upon the ground of the insufficiency of the evidence to support the verdict.

ID. — DISCRETION. — It is within the discretion of the trial judge to grant or refuse a new trial in an action tried before a jury, where there is a substantial conflict in the evidence.

APPEAL from an order of the Superior Court of San Joaquin County granting a new trial.

The facts are stated in the opinion.

*W. L. Dudley*, for Appellant.

*Terry & McKinne*, for Respondent.

SEARLS, C.—This is an action to recover damages for the unlawful taking and conversion of certain horses, mules, and colts.

Defendant had a verdict, which was, on motion of plaintiff, set aside, and a new trial granted. Defendant appeals from the order granting a new trial.

The plaintiff is a corporation.

Defendant was sheriff of the county of San Joaquin, and justified taking the property under and by virtue of a writ of attachment issued out of the District Court of the fifth judicial district in and for the county of San Joaquin, in a certain action wherein B. W. Owens and E. Moore were plaintiffs, and S. L. Ganow was defendant.

The answer sets up that the animals belonged to said Ganow, and were seized under said writ of attachment, as his property; that after such seizure the said Owens and Moore obtained judgment against said Ganow, and thereupon the defendant herein, under and by virtue of an execution issued thereon, levied upon and sold a part of the property to satisfy said judgment.

The order in the case does not show upon what ground the motion for a new trial was granted.

The evidence as to the ownership of the animals was conflicting, and as every intendment must be indulged in favor of the action of the court below, we are authorized to presume that the motion was granted on the ground of the insufficiency of the evidence to support the verdict. (*Irving* v. *Cunningham*, 58 Cal. 306.)

The court below, who has the witnesses before it, with an opportunity to judge from their manner and appearance and mode of testifying, as to the credit to be given to their statements, is in a much better position to judge of the facts than we are; it is therefore eminently proper that a wide discretion be given to the judge who presided at the trial, in granting and refusing new trials in cases involving a substantial conflict of evidence.

In the present case we see no cause to infer an abuse of the discretion vested in the court. (*Savage* v. *Sweeney*, 63 Cal. 340; *Bauder* v. *Tyrrel*, 59 Cal. 99.)

The order of the court below should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.