[S. F. No. 2473.     Department Two.—July 23, 1903.]

FERDINAND HOLTUM, Administrator, etc., Appellant, v. GERMANIA LIFE INSURANCE COMPANY, Respondent.

LIFE INSURANCE—FALSE REPRESENTATION—TEMPERATE HABITS.—A representation in an application for a policy of life insurance that the applicant had always been temperate in the use of malt or spirituous beverages is not untrue if the habits of the insured in the

usual routine of life were temperate, notwithstanding occasional excesses.

ID.—ORDER GRANTING NEW TRIAL—DISCRETION—CONFLICTING EVIDENCE.
—Notwithstanding the jury had found that the deceased insured was not addicted habitually to intemperance, and had not falsely warranted temperate habits, yet, where the evidence was substantially conflicting, and there was sufficient evidence to uphold a contrary finding, the court had wide discretion to grant a new trial, and there was no abuse of discretion in the order granting it.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

M. T. Moses, for Appellant.

G. W. Baker, for Respondent.

HENSHAW, J.—This is an appeal from an order granting a new trial. The action was commenced by plaintiff as administrator of the estate of Karie Holtum, deceased, upon two certain policies of life insurance issued by the defendant upon the life of deceased. In defense it was charged that the defendant was induced to issue the policies by the false representations of the deceased. Trial was had before a jury. The verdict of the jury was for the plaintiff.

The representations which it is charged were false consisted of deceased's answers to certain questions propounded to her in her application for insurance. The questions and answers are as follows: "Q. Do you use malt or spirituous beverages?—A. Yes.—Q. If so, what kind and how much on the average on any one day?—A. One glass of wine or beer.—Q. Have you always been temperate in the use of such beverages?—A. Yes."

The court granted the motion for a new trial solely upon the ground of the insufficiency of the evidence to support the verdict, and that is the only ground here argued. Evidence of witnesses was introduced showing that upon many different occasions during the years immediately preceding her death they had seen deceased "drunk," and "under the influence of liquor." She had been seen drunk on the streets, drunk in a

grocery store, intoxicated in her own home. Once she was so drunk on the sidewalk that she could not get up. Her death resulted from injuries received by falling down stairs. She was drunk upon the day she received her injuries. Her husband, plaintiff in this action, testified at the coroner's inquest. He was asked, had she been in the habit of drinking to excess, and answered, "Well, I expect she got it somewhere"; and when further asked whether at the time of her receiving her injuries she was under the influence of liquor, he replied: "Well, she was sometimes. When she got money she would go out somewhere, but I didn't know anything about it." And still further questioned: "Was she not in the habit of drinking then?" answered, "I think she was. Yes, I think she was." Against this evidence of the defense there was the evidence, necessarily negative, of those who had seen the deceased upon many occasions, and had never seen her drunk nor under the influence of liquor.

The law governing assurances such as were given by the deceased in her application is well settled: "A warranty that the insured is temperate as to the use of intoxicating liquors vitiates the policy where he is addicted to periodical and habitual excessive indulgences, but nothing less than this will have such effect." (13 Am. & Eng. Ency. of Law, 1st ed., p. 636.) In *Knickerbocker Life Ins. Co.* v. *Foley*, 105 U. S. 350, where the insured had died of delirium tremens, Mr. Justice Field said: "If the habits of the insured in the usual ordinary and every-day routine of his life were temperate, his representations that he was and always had been a man of temperate habits were not untrue within the meaning of the policy, although he may have had an attack of delirium tremens from an exceptional over-indulgence. It could not have been contemplated from the language used in the policy that it should become void for an occasional excess by the insured, but only when such excess had by frequent repetitions become a habit, and the testimony of the witness who had been with him for years and knew his general habits, may well have satisfied the jury that whatever excesses he may at times have committed, he was not habitually intemperate."

In the case at bar the question of fact was given to the jury under proper instructions, in accordance with this well-settled

principle of law. Their verdict was a finding in favor of the plaintiff to the effect that the deceased had not falsely warranted her habits, and that she was not addicted habitually to intemperance; but there was certainly sufficient evidence in the case to have upheld a contrary finding. This evidence in the view of the trial court demanded that in the exercise of its discretion a new trial should be had. A wide discretion is vested in the court in granting and refusing new trials where the question turns upon conflicting evidence. (*Tide Land Reclamation Co.. v. Cunningham*, 71 Cal. 221; *Bjorman v. Fort Bragg etc. Co.*, 92 Cal. 500; *Gorton v. Stern*, 121 Cal. 348.)

It cannot be said that there was any abuse of the discretion of the court in granting the motion in this case.

The order appealed from is therefore affirmed.

Lorigan, J., and McFarland, J., concurred.