[No. 7711.  Decided January 16, 1909.]

TILLIE SCHON, *Respondent*, v. MODERN WOODMEN OF AMERICA, *Appellant*.[1]

APPEAL—REVIEW—WAIVER OF ERROR—NONSUIT. Error in denying a motion for a nonsuit, asked on the ground that the burden of proof had been upon the plaintiff respecting a certain defense, and as to which no evidence was given, is waived where the matter was afterwards fully gone into by the defense.

INSURANCE—ACTIONS—PROOF OF DEATH—EVIDENCE — ADMISSIBILITY. An attending physician's certificate of death is admissible as part of the proofs of death, in an action on a benefit certificate, although it contains a clause giving the cause of death, which was an issue in the action.

APPEAL—REVIEW—HARMLESS ERROR—FACTS OTHERWISE ESTABLISHED. It is harmless error to exclude a physician's certificate of death, stating the cause of death, where the physician testified fully as to the matters contained in the certificate.

TRIAL — INSTRUCTIONS — NECESSITY OF WRITTEN INSTRUCTIONS. Where a stenographic report of instructions to the jury is made by a stenographer employed by both parties, he is sufficiently under the control of the court to constitute his report "instructions in writing," within the meaning of Laws 1903, p. 119, § 1, requiring written instructions upon demand, provided that a stenographic report of the charge shall be considered a charge in writing (Overruling *McIntosh v. Sawmill Phoenix*, 49 Wash. 152.).

INSURANCE—ACTIONS—CAUSE OF DEATH—EVIDENCE—REMOTENESS. In an action upon a benefit certificate, evidence of a liquor bill for $30, owed by deceased and that the same was purchased for his own use, is too remote to require its admission upon an issue as to whether death resulted from intemperance.

[1]Reported in 99 Pac. 25.

SAME—DEFENSES—INTEMPERANCE—STATEMENTS IN APPLICATION. In an action upon a benefit certificate, the defendant cannot rely upon a statement in the deceased's application that he had always been an total abstainer, where the application further stated that he was "almost" a total abstainer and drank beer once in a great while.

SAME—INSTRUCTIONS—COMMENT. In an action upon a benefit certificate, an instruction giving, as the judge's best definition of "intemperate," the immoderate use of intoxicating liquor, with the comment that he did not know any more about it than he did before, is not erroneous.

SAME—INTEMPERANCE—INSTRUCTIONS. In an action upon a benefit certificate, providing that if the member should become intemperate in the use of alcoholic drinks, or if death resulted from intemperate use thereof, the certificate should be void, it is proper to instruct the jury that the deceased was not "intemperate" within the meaning of the certificate, even though he drank to excess upon exceptional occasions, unless he was addicted to periodical and excessive indulgences which became habitual.

APPEAL—REVIEW—VERDICTS. A verdict will not be disturbed on appeal although supported only by evidence largely of a negative character.

Appeal from a judgment of the superior court for Spokane county, Warren, J., entered January 24, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon a benefit certificate of life insurance. Affirmed.

*Benj. D. Smith, T. W. Bartley,* and *Arthur W. Davis,* for appellant.

*Merritt, Oswald & Merritt,* for respondent.

RUDKIN, C. J.—Three several actions were instituted in the court below by the beneficiaries named in a benefit certificate issued by the defendant to one Charles Martin Schon now deceased. The three actions were identical in all respects except as to parties plaintiff, and were consolidated for trial. We will therefore refer to them hereafter as a single action. The complaint was in the usual form in such cases, alleging the issuance of the benefit certificate to the deceased; that the deceased paid all dues and assessments and

complied with all rules, regulations and requirements of the certificate during his lifetime; the death of the insured; the proofs of death; the rejection of the proofs, and the refusal to pay; the appointment of a guardian *ad litem* for the minor plaintiffs, etc. The answer admitted the issuance of the certificate, denied that the deceased was a benefit member of the defendant in good standing, and set forth three affirmative defenses as follows: First, that the application, by-laws, and certificate, constituted the contract between the defendant and the deceased; that the certificate provided that the literal truth of the application and each and every part thereof should be held to be a strict warranty and to form the only basis of liability of the defendant to its members; that, if said application was not literally true in each and every part thereof, the benefit certificate should be absolutely null and void; that the application contained the following questions and answers:

"Q. Do you abstain entirely from the use of intoxicating liquors? A. Almost. Q. How long have you been a total abstainer? A. Always. Q. Were you ever intoxicated? A. No. Q. Do you use intoxicating liquors daily? A. No. Q. State kind and quantity consumed. A. Beer, once in a great while;"

and that said answers were untrue. Second, that the certificate provided that, if the deceased should become intemperate in the use of alcoholic drinks, the certificate should become null and void, and that prior to his death the deceased did become intemperate in the use of intoxicating liquors. Third, that the certificate provided that, if the death of the member should result directly or indirectly from the intemperate use of intoxicating liquors, the certificate should become null and void, and that the death of Schon did result from the intemperate use of intoxicating liquors. The affirmative defenses were put in issue by reply, and the case came on for trial. The jury returned a verdict in favor of the plaintiff, and from the judgment entered in conformity thereto this appeal was taken.

The first error assigned is in the denial of a motion for nonsuit. In support of this assignment the appellant contends, that inasmuch as the answer denied that the deceased was ever a member in good standing, and pointed out certain answers given by the deceased which were alleged to be untrue, the burden of proof was on the respondent, in the first instance, to establish the truth of the answers thus singled out and challenged. If we were to concede the correctness of the rule of law thus contended for, which we do not (*Piedmont etc. Life Ins. Co. v. Ewing*, 92 U. S. 377, 23 L. Ed. 610; *Port Blakeley Mill Co. v. Hartford Fire Ins. Co.*, 50 Wash. 657, 97 Pac. 781), any error in denying the motion for nonsuit in this case was clearly waived, as the question of the truth or falsity of the several answers challenged was fully gone into by the defense.

The refusal of the court to admit in evidence the death certificate given by one of the physicians who attended the deceased during his last illness, which was appended to and made a part of the proofs of death, is next assigned as error. The certificate, among other things, contained the following question and answer:

"Q. State the remote cause of death; if from disease, give predisposing cause, date of first appearance of its symptoms and history of its symptoms during the progress? A. Hepatic cirrhosis. Alcoholism about six months before death."

Under the authorities, this certificate was admissible in evidence as a part of the proofs of death, and the court erred in rejecting it, but inasmuch as the physician was afterwards called by the appellant and testified fully and exhaustively in its favor as to all the matters contained in the certificate, it seems to us that the error was not prejudicial. *Modern Woodmen of America v. Davis*, 184 Ill. 236, 56 N. E. 300.

The next error assigned is the refusal of the court to instruct the jury in writing. This question was fully considered by this court in *Collins v. Huffman*, 48 Wash. 184, 93 Pac. 220; and *Sturgeon v. Tacoma Eastern R. Co., ante* p.

124, 98 Pac. 87, under a similar state of facts and was decided adversely to the appellant.

The next error assigned is the refusal of the court to admit evidence tending to show that the deceased owed one Ekberg a liquor bill of $30, contracted during the existence of the benefit certificate in suit, accompanied by proof of admissions by the deceased that he had purchased the liquor for his own use, and intended to pay therefor. While this proof might properly have been received as a circumstance tending to show the habits of the deceased, we think its tendency to show that the deceased was intemperate in his habits or that death resulted from intemperance was entirely too remote to warrant a reversal of the judgment.

The court instructed the jury that the appellant was bound by the answer contained in the application to the effect that the deceased drank beer once in a great while, notwithstanding his answer to the question, "How long have you been a total abstainer?" was "Always." This instruction was correct. The deceased had said that he was almost a total abstainer and that he drank beer once in a great while, and in the face of these admissions or statements the appellant could not rely upon or take advantage of his answer to another question to the effect that he had always been a total abstainer. The appellant contends that no estoppel was pleaded, but this is not a question of estoppel at all. It is a mere construction of the answers taken as a whole.

The appellant excepted to the following instruction: "The best definition I can give you of the word 'intemperate' so far as the intemperate use of intoxicating liquor is concerned, is the immoderate use of intoxicating liquor. I don't know whether you know any more about it now than you did before. I don't." While the comment of the court might well have been omitted, we cannot see that the instruction was either erroneous or prejudicial. The statement of the court simply indicated to the jury that the word intemperate did

not admit of any precise definition, although well understood by the public.

The following instruction was also excepted to:

"The jury are instructed that the assured, Charles Martin Schon, was not intemperate in the use of alcoholic liquors or beverages within the meaning of the word 'intemperate' as used in the benefit certificate and by-laws of the defendant society, even though you believe, from the evidence of this case, that he drank alcoholic liquors or beverages to excess upon exceptional occasions, unless you further believe from a preponderance of the testimony in this case, that said assured was addicted to periodical and excessive indulgences in the use of alcoholic liquors or beverages which became habitual."

We think this instruction contains a correct statement of the law applicable to this class of actions. *Holtum v. Germania Life Ins. Co.*, 139 Cal. 645, 73 Pac. 591; *Knickerbocker Life Ins. Co. v. Foley*, 105 U. S. 350, 26 L. Ed. 1055; *National Fraternity v. Karnes*, 24 Tex. Civ. App. 607, 60 S. W. 576; *Mutual Life Ins. Co. v. Simpson* (Tex. Civ. App.), 28 S. W. 837.

The remaining assignment relates to the sufficiency of the testimony to sustain the verdict. The appellant requested the court to submit a number of special interrogatories to the jury, and the request was granted. These interrogatories covered every material issue in the case, and were each and all answered in favor of the respondent. The appellant complains that the testimony in support of the findings of the jury was largely of a negative character, but negative testimony is competent, and at times the only testimony by which an issue may be established. *Puls v. Grand Lodge A. O. U. W.*, 13 N. D. 559, 102 N. W. 165.

The testimony was sufficient to sustain the findings of the jury, and the judgment is affirmed.

FULLERTON, CROW, and MOUNT, JJ., concur.