[No. 14183.   Department One.   February 28, 1918.]

RUSSELL HIBBARD *et al., Respondents,* v. OREGON-
WASHINGTON RAILROAD & NAVIGATION
COMPANY *et al., Appellants.*[1]

RAILROADS—CROSSING ACCIDENTS—NEGLIGENCE—LIGHTS—EVIDENCE
—SUFFICIENCY. In an action for personal injuries sustained in a
collision between a street car and the rear end of a freight train
backing across the street in the nighttime, the jury is warranted
in finding negligence in that there was no light on the rear of the
train, where there was evidence of several witnesses who had oppor-
tunity of seeing and who testified that they looked and saw no
lights, in the absence of any evidence that there was a light on the
train.

Appeal from a judgment of the superior court for
King county, Mackintosh, J., entered February 13,
1917, upon the verdict of a jury rendered in favor of
the plaintiffs, in an action for personal injuries sus-
tained by passengers on a street car struck by a freight
train.   Affirmed.

*Bogle, Graves, Merritt & Bogle,* for appellants.
*Bradford, Allison & Egan,* for respondents.

PARKER, J.—The plaintiffs, Hibbard and wife, seek
recovery of damages for personal injuries to both of
them which they claim were caused by the negligence
of the defendant railroad company and its employees.
Trial in the superior court for King county sitting with
a jury resulted in verdict and judgment awarding
plaintiffs damages in the sum of $2,054, from which the
defendants have appealed to this court.

About nine o'clock in the evening of April 11, 1916,
respondents, Hibbard and wife, were passengers on a
street car in Seattle, which was proceeding west on

[1]Reported in 171 Pac. 233.

Spokane avenue, approaching Whatcom avenue, which runs north and south. It was then dark. There were street lights at the intersection of these avenues, and at other places along Spokane avenue. There were no street lights or other fixed lights to the south of Spokane avenue in this neighborhood, so that one looking to the south would be looking into the dark where train or other moving lights would be readily recognized. There were no obstructions to the view to the south. Appellant railroad company maintains one of its tracks on Whatcom avenue, which track crosses the street car track at right angles in the intersection of these avenues. As the street car, upon which respondents were passengers, was approaching this crossing from the east, employees of appellant railroad company were slowly backing a long freight train north towards the crossing, along its track on Whatcom avenue. This train had no caboose upon its rear end, and it is claimed by respondent that it had no light upon its rear end. As the street car passed over the crossing, the rear car of the train came into collision with the street car, striking it near the middle of the south side, resulting in the injuries to respondents for which they seek recovery.

The principal contention here made by counsel for appellants is that the trial court erred in denying their motion for a directed verdict, made at the close of respondents' evidence, upon the ground that the evidence was not sufficient to support any recovery against appellants, counsel for appellants, at the same time, announcing to the court that they rested. They did not offer any evidence in their own behalf and participated no further in the trial, not even to the extent of arguing the case to the jury.

It seems clear to us that, if the jury were warranted in believing from the evidence that there was no light

upon the rear of the train, they would also be fully warranted in concluding that the failure to have a light on the rear of the train was negligence on the part of appellants and the proximate cause of the collision and respondents' injuries.  Indeed, we do not understand counsel for appellants to seriously contend to the contrary; that is, we do not understand them to seriously contend that the court should so decide as a matter of law.  The real contention here made is that there was not sufficient evidence to warrant the jury in concluding that there was no light upon the rear of the train, and this, it seems to us, is little else than a contention that the evidence fails in that respect because it was wholly negative in character.  Downs, who was a passenger on the street car and a witness for respondents upon the trial, testified in substance that, immediately following the accident, he looked carefully for a light upon the rear end of the train, and also for evidence of any light having been there, but failed to find any light there, or evidence of any light having been there.  The conditions were then such that the jury could well conclude that one looking for such a light would probably have found one, or some evidence of one having been there, had it been there while the train was backing onto the crossing.  Two other witnesses for respondents, passengers on the street car, looking and having an opportunity for seeing to the south from the car just before reaching the crossing, said that they did not see any lights in the direction from which the train was backing.  We may concede that all this evidence was negative in character, even that of Downs, yet we cannot say, as a matter of law, that it was not sufficient to carry the question of whether or not a light was upon the rear of the train to the jury, especially in view of the fact that no positive evidence was offered by appellants to show that there was a light upon the rear of

the train. *Schon v. Modern Woodmen of America,* 51 Wash. 482, 99 Pac. 25; *McKinney v. Port Townsend & P. S. R. Co.,* 91 Wash. 387, 158 Pac. 107; *Riley v. Northern Pac. R. Co.,* 36 Mont. 545, 93 Pac. 948.

Some contention is made in appellants' behalf touching the sufficiency of the complaint. It is clearly sufficient in charging negligence, in so far as the want of a light on the rear of the train is concerned; and since we are of the opinion that the evidence introduced was sufficient to carry the case to the jury upon the question of negligence in that particular, and a new trial is not asked for, we think there is no occasion to notice the sufficiency of the complaint in so far as it charges negligence in other particulars is concerned, with reference to which some evidence was introduced.

The judgment is affirmed.

ELLIS, C. J., FULLERTON, WEBSTER, and MAIN, JJ., concur.