[No. 37929. Department One. November 18, 1965.]

IRVIN N. HALL, *Appellant*, v. KING COUNTY FIRE DISTRICT No. 43 *et al., Respondents.*\*

*Curran & Curran, James P. Curran,* and *Melvin L. Kleweno, Jr.,* for appellant.

*Guttormsen, Scholfield, Willits & Ager,* by *Jack P. Scholfield,* for respondents.

HUNTER, J.—This is an action arising from a collision between plaintiff's automobile and a fire truck of the King

\*Reported in 408 P.2d 14.

County Fire District No. 43, at approximately 7 a.m., January 22, 1963, at the intersection of State Highway No. 2 and 244th Southeast in King County. The plaintiff (appellant), Irvin N. Hall, was injured in the accident and brought suit for damages against the fire district, the truck driver Tony Merlini (hereinafter referred to as Merlini), and his wife. Defendants (respondents) denied their negligence and asserted the affirmative defense of contributory negligence. The fire district cross complained for the damage to its fire vehicle.

The case was tried before a jury, which brought in a verdict for the defendants on the plaintiff's complaint, and for the plaintiff on the fire district's cross complaint. The trial court denied plaintiff's motion for judgment notwithstanding the verdict or for a new trial, and entered judgment on the verdicts. Plaintiff appeals.

On the morning of the accident, plaintiff was alone, proceeding southwest along State Highway No. 2 in his 1959 Pontiac convertible. Merlini was also alone, proceeding north along 244th Southeast on his way to the scene of a reported fire. At the time of the accident, although dawn was breaking, it was sufficiently dark to require the use of lights. About a quarter mile from the intersection of these two streets, plaintiff thought he heard a siren and slowed to about 40 miles per hour to look for the source of the siren. (The posted speed limit on Highway 2 was 60 miles per hour.) Seeing nothing, plaintiff proceeded at the reduced speed to the intersection. He did not see the fire truck until he was approximately 100 feet from the intersection.

Merlini reached a peak of 50 miles per hour before slowing for the intersection. The fire truck's red flasher lights were on, and also the siren—though the extent to which the siren was being used is in some dispute. The fire truck did not stop for the stop sign at the intersection, but continued into the intersection at a reduced speed, colliding with the Hall vehicle and almost tearing it in half. Plaintiff was injured; Merlini was not. The plaintiff's vehicle

was a total wreck and there was extensive damage to the left front portion of the fire truck.

Plaintiff first assigns error to the trial court's instruction No. 8, a general instruction relating to the duty of displaying lighted headlights on motor vehicles after dark. Plaintiff asserts that there was not substantial evidence upon which to base the instruction. He argues that the only evidence on the issue of whether his headlights were on at the time of the accident was either positive evidence in support of the contention that the lights were on, or negative evidence that they were not on; that the negative evidence does not contradict the positive evidence; and therefore, no issue was framed, relying on *Hauswirth v. Pom-Arleau*, 11 Wn.2d 354, 119 P.2d 674 (1941). and *Poland v. Seattle*, 200 Wash. 208, 93 P.2d 379 (1939).

The rule of the *Hauswirth* and *Poland* cases must be related to the facts of each case. These cases pose circumstances wherein the witnesses were not so situated, or their attention was not so attracted, that in the ordinary course of events they would have been able to see the headlights in question. Such evidence was therefore speculative and could not overcome the positive evidence to the contrary.

On the other hand, where the witnesses are so situated, and their attention so directed, that in the ordinary course of events they would have been able to see the headlights, as the record discloses in this case, then the testimony would have probative value. *Pollard v. Wittman.* 28 Wn.2d 367, 183 P.2d 175 (1947); *Schon v. Modern Woodmen of America*, 51 Wash. 482, 99 Pac. 25 (1909); 140 A.L.R. 530. Thus, a factual question was raised as to whether the plaintiff's lights were on at the time of the accident; and the giving of instruction No. 8 on this issue was proper.

The plaintiff contends the trial court erred in failing to give his proposed instructions relative to the necessity of the operator of an emergency vehicle to comply with the statutory requirements for such operation, or otherwise be subject to the ordinary rules of the road.

■ From our examination of the instructions given, we are satisfied the plaintiff was able to argue to the jury his theory of the case on this issue. Therefore, the court did not err in failing to give the plaintiff's proposed instructions. *Smith v. McDaniel*, 53 Wn.2d 604, 610, 335 P.2d 582 (1959).

The plaintiff contends the trial court erred in failing to give plaintiff's proposed instruction No. 4, requiring an operator of an emergency vehicle to give a *continuous* audible signal by siren, for a sufficient distance prior to entry into the intersection to place users of the highway on notice of the approach of the emergency vehicle in order to provide them an opportunity to yield the right-of-way. The trial court's instruction No. 9, to which the plaintiff excepts, was substantially the same as the plaintiff's proposed instruction No. 4, except for the omission of the word "continuous" before the words "audible signal by siren." Plaintiff admits the trial court's instruction was in conformity with the language of the statute, RCW 46.60.210, which provides:

> Upon the immediate approach of an authorized emergency vehicle, when the driver is giving *audible* signal by siren, exhaust whistle, or bell, the driver of every other vehicle shall yield the right of way . . . .
> (Italics ours.)

■ He argues, however, that in *Lakoduk v. Cruger*, 48 Wn.2d 642, 647, 296 P.2d 690 (1956), we stated that the statute requires a *continuous* audible signal. Although we did use language which might give that impression in the *Lakoduk* case, the construction of the statute in this respect was not there in issue, and the undisputed facts of the case disclosed the siren was on *continuously* from the time the emergency vehicle left the fire house until the time of the accident. The statement was therefore proper as related to the facts in that case, but is not authority to support the plaintiff's contention. We find it unnecessary to construe the statute, RCW 46.60.210, *supra*, since the language is unambiguous. It was for the jury to determine whether the defendant gave an audible signal by siren for a sufficient

length of time prior to entering the intersection to afford the plaintiff a reasonable opportunity to yield the right-of-way. The instruction given on this issue using the language of the statute was sufficient.

■ The plaintiff contends the trial court erred in refusing to admit a portion of plaintiff's exhibit 6, which was a copy of a map prepared by the Highway Department and filed with the King County Auditor pursuant to RCW 47.28.025. The excluded portion contained measurements of the height of the banks bordering State Highway No. 2 as it approaches the intersection with 244th Southeast.

The trial court properly refused the introduction of the exhibit, since uncontradicted testimony showed that these measurements were made before the roadbed was improved to its state at the time of the accident. Moreover, plaintiff succeeded in introducing testimony on the approximate height of these same banks. The claimed error was neither erroneous nor prejudicial.

The plaintiff finally contends the trial court erred in not granting his motion for judgment notwithstanding the verdict and in the alternative for a new trial, by reason of the jury's refusal to find for the defendant King County Fire District on its cross complaint. Plaintiff argues that it is inherent in the verdict that the defendant driver was negligent; that the only possible theory of negligence was inadequate warning on the part of the defendant driver of the emergency vehicle, which would bring him within the ambit of the ordinary rules of the road. We cannot agree with such a conclusion without indulging in speculation. In the absence of submission of special interrogatories to the jury on this issue and its answer thereto we cannot ascertain the specific reason for which the jury denied the Fire District recovery against the plaintiff. The plaintiff's motion was properly denied.

The judgment of the trial court is affirmed.

HILL, OTT, and HALE, JJ., and LANGENBACH, J. Pro tem., concur.