[No. 7393.  Decided October 23, 1908.]

PORT BLAKELY MILL COMPANY *et al.*, *Respondents*, v. HARTFORD FIRE INSURANCE COMPANY, *Appellant.*[1]

INSURANCE—CONDITIONS—PERFORMANCE—BREACH—EVIDENCE—BURDEN OF PROOF. A promissory warranty in an insurance policy on the part of the assured to use due diligence in maintaining an automatic sprinkler system in good working order is a condition subsequent, the performance of which need not be pleaded and proved by plaintiff; and after the policy has attached, the burden of proving a breach is upon the defendant.

PLEADING — ACTIONS — CONDITIONS PRECEDENT — STATUTES. Bal. Code, § 4934, requiring the plaintiff to plead the performance of all conditions upon which the action is based has reference only to conditions precedent or necessary to the creation of the contract or to the perfecting of the right of action, and not to conditions subsequent.

[1]Reported in 97 Pac. 781.

APPEAL — REVIEW — HARMLESS ERROR — DENIAL OF CONTINUANCE. Where defendant submitted its case without evidence, solely upon a question of pleadings and the burden of proof, it is not in a position to allege *prejudicial* error in the previous denial of motion for a continuance asked for on the ground of the absence of a material witness.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered February 29, 1908, in favor of the plaintiffs, upon stipulation and a trial on the merits before the court without a jury, in an action on fire insurance policies. Affirmed.

*Granger & Magill* and *Hughes, McMicken, Dovell & Ramsey* (*W. S. Goodfellow*, of counsel), for appellant.

*Titus & Creed, Walter S. Fulton, C. D. Sutton,* and *Hastings & Stedman,* for respondents.

CROW, J.—This action was commenced by Port Blakely Mill Company, a corporation, and Detroit Trust Company, a corporation, to recover on certain insurance policies for a loss sustained by fire. From a judgment in favor of the plaintiffs, the defendant has appealed.

The appellant contends that the trial court erred in denying its challenge to the sufficiency of the evidence, in entering judgment for respondents, and in refusing to enter judgment in its favor. The respondents sued upon five policies of fire insurance, written by appellant upon a large milling plant owned by the Port Blakely Mill Company, upon which the Detroit Trust Company held a mortgage, and which plant was destroyed by fire. Proofs of loss were made, and the undisputed evidence shows that the appellant denied its liability on the sole ground hereinafter mentioned. It was stipulated that, if the respondents were held to be entitled to recover, their recovery would be for the sum of $31,942, and interest, and judgment was so entered. Each policy had attached thereto a typewritten slip or rider, containing, with other stipulations, the following material provision:

"Warranted by the assured that due diligence be used that the Automatic Sprinkler System shall at all times be maintained in good working order."

The automatic sprinkler was a device installed in three sections, and so constructed that in case of fire the unusual heat would automatically open certain valves and cause the buildings to be flooded with water. The respondents pleaded the policies and riders, setting them forth as exhibits, which were made a part of the complaint. They alleged, that on April 22, 1907, the mill was destroyed by fire; that notice thereof was given to appellant on April 23, 1907; that within the proper time due and sufficient proofs of loss were furnished; that no objection was made thereto; that demand for payment had been made upon the appellant; and that it had denied any liability. The following allegation, directly involved in this appeal, was also made:

"That in all respects each of these plaintiffs has duly performed and complied with all the terms, provisions and conditions of said policy on its part to be performed or complied with, and that more than sixty days have elapsed since the terms, provisions and conditions of said policy were duly complied with by said plaintiffs."

The appellant by its answer specifically denied this allegation of performance, and affirmatively alleged:

"(1.) That at the time of the issuance and delivery of said policy of insurance, the premises thereby insured were equipped with an automatic sprinkler system for the purpose of protecting the property so insured from loss and damage by fire, and by reason thereof a reduction of fifty per cent. was made in the rate of said insurance and the premium paid to this defendant therefor.

"(2.) That in and by the terms of said policy of insurance, it was expressly covenanted, among other things, that the said assured warranted 'that due diligence be used that the automatic sprinkler system shall at all times be maintained in good working order.' And it was further in said policy of insurance expressly stipulated and agreed that the entire pol-

icy shall be void 'if the hazard be increased by any means within the control or knowledge of the insured.'

"(3.)   That the said automatic sprinkler equipment for the mill plant of the said plaintiff, the Port Blakely Mill Company, consisted of three or more separate divisions installed for the purpose of affording fire protection to different portions of said mill plant, for the damage to which recovery is sought in this action; that water was supplied to said system through main pipes connecting with reservoir maintained by said mill company, and the water supply in each of said divisions was furnished and controlled through and by means of an automatic valve, controlled by air pressure; that the said sprinkler system, when properly maintained and in proper working order was supplied with water in such quantities and with such pressure upon the valves used in the said system, as that the heat produced by a fire in or about said mill would, through the melting of the sprinkler heads attached to the said system, release and open the said valves, and permit the water to flow through the same and out through the pipes distributed through the said mill and cause the said water to be sprinkled upon the fire; that beneath each of said automatic valves was a screw valve, by which the water from the main pipe could be wholly shut off from said valve.

"(4.)   That on or about the 1st day of April, 1907, the said screw valve beneath the automatic valve, in what was known as the 'No. 3 automatic sprinkler division' in said mill plant, being the automatic sprinkler division which supplied fire protection to the eastern portion of said mill, was caused by the said plaintiffs to be screwed down and the pipes connected with said valve to be removed, altered and changed, and because and by means thereof the said water was wholly turned off from the said division, and the said plaintiffs carelessly and negligently, and without the exercise of due diligence by them, or either of them, caused and permitted the said valve to be so closed down and said pipes to be altered, removed, and changed, and carelessly and negligently caused and permitted the said 'No. 3 sprinkler division to be and remain out of good working order and without any supply of water, and to be wholly useless and ineffectual as a means of fire protection from the said first day of April, 1907, continuously until after the fire and the damage caused thereby, on

the night of the 22nd day of April, 1907, as alleged in plaintiffs' complaint."

Respondents replied with denials and, in substance, alleged, that on April 1, 1907, it became necessary for the Port Blakely Mill Company to make certain repairs in, and extensions of, the mill and automatic sprinkler, which repairs and extensions were permitted under the terms of the policies; that for such purpose division No. 3 of the automatic sprinkler system was necessarily shut down until April 21, 1907, at which time the repairs were completed; that the water was then turned on; that the entire sprinkler system thereafter continued in working order; that it was not turned off during the fire as alleged by appellant; and that the mill company at all times used due diligence to maintain the sprinkling system in good working order. On the trial the respondents, having presented other evidence, rested without offering any evidence to show that the sprinkler system was in working order at the time of the fire, and it was upon the absence of any such proof that the appellant relied in making its challenge to the sufficiency of the evidence. In its opening brief the appellant says:

"This case involves a single, and as it seems to us, a simple question. The testimony in brief and the facts are undisputed. The question is as to which party, the plaintiff or the defendant, is entitled to judgment under the admitted facts. The material issue tendered by the various pleadings is whether or not the assured complied with the promissory warranty contained in the policies, which is as follows: 'Warranted by the assured that due diligence be used that the automatic sprinkler system shall at all times be maintained in good working order.' Neither party offered any evidence on the trial relating to said warranty, or tending to show whether or not the plaintiff had complied with its provisions. On the merits, therefore, of the case, the question as to which party was entitled to judgment, turns upon the proposition of the place where the burden of proof rested."

Appellant contends that the burden rested upon the respondents; that their failure to assume and sustain the same

is fatal to their case, and that it is entitled to judgment. It insists that the stipulation relative to maintaining the sprinkler in good working order is a promissory warranty of respondents, as distinguished from other warranties or conditions of the policies, and that the burden of proof always rests upon the assured to show performance of such a promissory warranty upon their part, as a condition precedent to their right of recovery. Appellant cites Bal. Code, § 4934 (P. C. §404), and contends that, although it is contravention of the common law rule of pleading, which requires a plaintiff to allege and prove the performance of each and all of the conditions precedent in a contract upon which an action is based, it nevertheless retains the common law rule of evidence. Appellant therefore insists that, when the respondents, in compliance with said section, generally pleaded performance of all conditions precedent, and it by its answer specifically directed their attention to their failure to keep the automatic sprinkler in good working order, the pleadings were so framed as to place the burden of proof upon the respondents to show that the sprinkler was in good working order at the time of the fire.

In support of this contention appellant cites *Taylor v. Modern Woodmen of America*, 42 Wash. 304, 84 Pac. 867, and asserts that it has adopted the method of pleading therein prescribed as being necessary to impose the burden upon respondents. Although the appellant, citing considerable authority therefor, refers to the clause now under consideration as a promissory warranty made by the respondent mill company, we fail to see how such a distinction necessarily sustains its contention that compliance with its terms must in the first instance be alleged and proved by the respondents. In a limited sense, it might be contended that practically every stipulation in a policy of insurance, without regard to whether it is a promissory warranty or not, is a condition precedent to the assured's right of recovery, since the breach of most any of its provisions will prevent such recovery. It by no means follows, however, that compliance with all conditions of the

policy must be pleaded and proven by the assured in the first instance. While there is some conflict, the weight of authority seems to be that the assured is only required to plead and prove a compliance with those conditions which, in insurance law, are conditions precedent to the creation of the contract of insurance—such as the payment of premiums—or are conditions precedent to establishing the loss or claim—such as furnishing proofs—or taking other preliminary steps necessary to perfect the assured's right of action. Conditions to be performed by the assured after the policy has become a valid contract are conditions subsequent, being in the nature of conditions of defeasance, nonperformance of which may release the insurer from liability. When in an action on an insurance policy a plaintiff pleads performance under the provisions of Bal. Code, §4934, *supra,* his allegation has reference only to the performance of conditions precedent, such as those that are necessary to the creation of the contract, or to the perfecting of his right of action, and not to conditions subsequent. Upon a denial of this allegation, coupled with a statement in the answer of the particular condition precedent which had not been performed by the plaintiff, the burden, under the rule announced in *Taylor v. Modern Woodmen of America, supra,* would then be upon the plaintiff to prove a performance of, or compliance with, the particular condition precedent to the alleged nonperformance of which the answer has directed his attention, and that we think is as far as the rules of pleading and proof go towards imposing any burden upon the plaintiff. As to conditions subsequent, whether they be called promissory warranties or not, it is not in the first instance necessary for the assured to plead or prove their performance. Such conditions with their breach are to be pleaded and proven by an insurer seeking relief from the liability by reason of their nonperformance. *Starr v. Aetna Life Ins. Co.,* 41 Wash. 199, 82 Pac. 113, 4 L. R. A. (N. S.) 636; *Slocovich v. Orient Mut. Ins. Co.,* 108 N. Y. 56, 14 N.

E. 802; *Moody v. Amazon Ins. Co.*, 52 Ohio St. 12, 38 N. E. 1011, 49 Am. St. 699, 26 L. R. A. 313; *Allemania Fire Ins. Co. v. Fred*, 11 Tex. Civ. App. 311, 32 S. W. 243; *Redman v. Aetna Ins. Co.*, 49 Wis. 431, 4 N. W. 591; *Freeman v. Travelers' Ins. Co.*, 144 Mass. 572, 12 N. E. 372; *Chambers v. Northwestern Mut. Life Ins. Co.*, 64 Minn. 495, 67 N. W. 367, 58 Am. St. 549.

If there be conditions in a policy of insurance which must be performed before its risk attaches, such conditions are recognized as precedent ones, and a plaintiff is bound to show his compliance therewith, the same being necessary to create the contract and give it life; but after the contract has come into legal existence, and has attached as a binding obligation, those warranties or conditions which afford a means whereby the obligation of the insurer may be extinguished are regarded as conditions subsequent or conditions of defeasance. The insurer may waive their breach and the insured may recover, or the insurer may claim their breach and secure a forfeiture of the policy. The fundamental reason for placing the burden of proof on an insurer to show nonperformance of promissory warranties, however they may be expressed, is that such nonperformance affords the insurer a ground for forfeiting the rights of the insured after the policy has attached and become a valid contract. The prevailing modern rule, as shown by the weight of authority, seems to be that, after the policy has once attached, the burden is on the insurer to allege and prove in the first instance any ground of forfeiture upon which he relies. The trial court rightfully denied appellant's challenge to the sufficiency of the evidence.

The appellant also contends that the trial court erred in overruling its motion for a continuance. The action was commenced on October 3, 1907, and on February 1, 1908, was set for trial on February 17. The appellant, on February 6, by a written motion supported by affidavits, applied for a continuance to enable it to take the deposition of one Lars

Olson, an absent witness. The motion was heard on appellant's affidavits and respondents' controverting affidavits. It appeared that the evidence of Olson was of such a character as to be material, if appellant had seen fit to introduce any proofs. The trial court refused the continuance on the ground that the appellant had not shown due diligence in attempting to secure the presence or evidence of the witness. The affidavits are lengthy and conflicting; but after giving them careful consideration, we are unable to conclude that the trial court abused its discretion or committed prejudicial error in denying the application. In any event, the record shows that the appellant submitted its case solely on a question of pleading and the burden of proof. Having rested upon the respondents' evidence, and having interposed its challenge thereto, it was in no position to offer the evidence of Olson had he been present. It is now in this court demanding judgment upon the pleadings and respondents' evidence. With the record in this condition, we fail to understand how it has been prejudiced by the action of the trial court in denying the continuance, even though it had made a sufficient showing of diligence.

The judgment is affirmed.

HADLEY, C. J., DUNBAR, and MOUNT, JJ., concur.

FULLERTON, J., concurs in the result.

RUDKIN and ROOT, JJ., took no part.