W. A. PELOT, *Plaintiff in Error*, v. THE ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Defendant in Error*.

### PASSENGERS—DUTY OF CARRIER TO.

1. Passengers do not contract merely for shiproom and transportation from one place to another; but they also contract for good treatment, and against personal rudeness and every wanton interference with their persons either by the carrier or his agents employed in the management of the ship or other

conveyance: If the wrongful act is inflicted on the plaintiff while he is a passenger in actual course of transportation by a servant of the carrier acting as such at the time of the act, the law will consider the carrier as responsible therefor, without inquiring whether the wrong was committed in the execution of the servant's employment. Whatever may be the motive which incites the servant to commit an unlawful or improper act towards the passenger during the existence of the relation of carrier and passenger, the carrier is liable for the act and its natural and legitimate consequences.

2. Passenger carriers, by their contracts, bind themselves to carry safely those whom they take into their coaches or cars as far as human foresight will go; that is for the utmost care and diligence of very cautious persons.

3. A declaration that distinctly alleges that while the plaintiff was a passenger in course of transportation on the defendant's train, the defendant's employee, the porter on said train, who was in the discharge of the duties of his employment, did negligently, violently and suddenly, regardless of plaintiff's rights, shove and push a swinging door in said passenger coach, back and upon plaintiff's foot without any fault upon plaintiff's part thereby causing serious injury to plaintiff's foot, states a legal cause of action, and is not subject to demurrer.

This case was decided by Division B.

Writ of error to the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*Leitner & Leitner* for Plaintiff in Error;

*Sparkman & Carter,* for Defendant in Error.

TAYLOR, J.—The plaintiff in error as plaintiff below sued the defendant in error as defendant below in the circuit court of DeSoto county, the declaration in the case being as follows:

"Comes now the plaintiff herein by his attorneys Leitner & Leitner and sues the defendant, Atlantic Coast Line Railroad Company, who has an agent in DeSoto county, Florida, and who has been summoned to answer plaintiff in an action of trespass on the case.

For that, whereas, heretofore, to-wit, on or about the 6th day of July, 1909, the said defendant was a common carrier for hire and operated a line of railroad for the carriage of passengers from the city of Jacksonville, Duval county, Florida, through Bradford county by the way of Lake Butler to the city of Gainesville, Florida, Alachua county. That on or about the said date, to-wit: July 6th, 1909, the said plaintiff was a lawful passenger on the defendant's road from said Jacksonville to Gainesville; that in defendant's coach in which plaintiff was riding there were two compartments, to-wit, the passenger and smoker with a partition between, and to allow ingress and egress from the passenger portion of said coach into the said smoker there is a swinging door in said partition. That on said train there were servants of defendant, to-wit, a porter, whose duty it was to announce to the passengers on said train the several stations through which defendant's road ran. That plaintiff had been riding on the said train in the smoker, but just after passing Lake Butler he got up from his seat in the smoker and started into the passenger portion of said coach, that when plaintiff was within a few feet of said swinging door, and without any fault on the part of plaintiff, the said porter, coming from the passenger portion of said coach into the smoker, in the discharge of his duty, did negligently, violently and suddenly, regardless of the rights of plaintiff, shove and push the said swinging door back upon plaintiff's foot, which said stroke did then and there crush and bruise plaintiff's foot, causing it to rise and inflame, from which plaintiff

11—Vol. 60.

was sick and sore for many weeks to the damage of plaintiff in the sum of .$800.00; that he was forced and compelled to pay out sums of money in endeavoring to cure the said wound, in the sum of $100.00; that he was forced to lose time from his business on account of said sickness, to his damage in the sum of $100.00. Wherefore a cause of action has accrued to demand of defendant the sum of $1,000.00, and, therefore, he sues the defendant and claims $1,000.00."

To this declaration the defendant demurred on the following grounds:

"1st. Because the allegations of the declaration are not sufficient to constitute a cause of action.

2nd. Because the declaration shows on its face that the plaintiff has no cause of action against the defendant.

3rd. Because the declaration shows on its face that the injury complained of was due solely to an accident, and was not due to any negligence of the defendant or of any of the servants in its employ.

4th. Because the declaration shows on its face that the injury complained of was due to the carelessness of the plaintiff himself.

5th. And for other good and sufficient reasons apparent upon the face of the declaration."

The first three grounds of this demurrer were sustained by the court, and the plaintiff declining to amend his declaration final judgment in favor of the defendant was rendered, and this judgment the plaintiff brings here for review by writ of error, assigning as error the ruling of the court upon such demurrer. The following principles of law are applicable to and will govern this case: "Passengers do not contract merely for shiproom and transportation from one place to another; but they also contract for

good treatment, and against personal rudeness and every wanton interference with their persons either by the carrier or his agents employed in the management of the ship or other conveyance." "If the wrongful act is inflicted on the plaintiff while he is a passenger in actual course of transportation, by a servant of the carrier acting as such at the time of the act, the law will consider the carrier as responsible therefor, without inquiring whether the wrong was committed in the execution of the servant's employment." Buswell on Personal Injuries (2nd ed.) section 38 and citations; Pendleton v. Kinsley, 3 Cliff., 416. Whatever may be the motive which incites the servant to commit an unlawful or improper act toward the passenger during the existence of the relations of carrier and passenger, the carrier is liable for the act and its natural and legitimate consequences. Dwinelle v. New York Cent. & H. R. R. Co., 120 N. Y., 117, 24 N. E. Rep., 319. Passenger carriers, by their contracts, bind themselves to carry safely those whom they take into their coaches or cars as far as human foresight will go; that is, for the utmost care and diligence of very cautious persons. Wheaton v. North Beach & M. R. R. Co., 36 Cal., 590; Maverick v. Eighth Avenue R. R. Co., 36 N. Y., 378. Applying these principles to the declaration in this case, we think that it alleges a good cause of action. It distinctly alleges that while the plaintiff was a passenger in course of transportation on the defendant's train the defendant's employee, the porter on said train, who was in the discharge of the duties of his employment, did negligently, violently and suddenly, regardless of the rights of plaintiff, shove and push a swinging door, in said passenger coach, back and upon plaintiff's foot, without any fault upon plaintiff's part, thereby causing serious injury to plaintiff's foot.

The court below erred in sustaining the demurrer to the

plaintiff's declaration, and in rendering final judgment in favor of the defendant, and because of such error the said judgment is hereby reversed and the cause remanded with directions to overrule such demurrer. The costs of this writ of error to be taxed against the defendant in error.

HOCKER and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.