ATLANTIC COAST LINE RAILROAD COMPANY, *Plaintiff in Error, v.* W. A. PELOT, *Defendant in Error.*

1.  A verdict for the defendant should never be directed by the court, unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. If the evidence is conflicting or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as a question of law.

2.  Where there is evidence to sustain the verdict and it does not appear that the jury were not governed by the evidence, the verdict will not be disturbed.

This case was decided by Division A.

Writ of error to the Circuit Court for De Soto County.

The facts in the case are stated in the opinion of the court.

*Sparkman & Carter,* for Plaintiff in Error;

*Leitner & Leitner,* for Defendant in Error.

WHITFIELD, C. J.—This writ of error was taken to a judgment for $490.00 and costs recovered by W. A. Pelot against the railroad company upon a declaration alleging that while the plaintiff was a passenger on the defendant's train a servant of the defendant "did negligently, violently and suddenly, regardless of the rights of plaintiff, shove and push" a door in the car "upon plaintiff's foot; which said stroke did then and there crush and bruise plaintiff's foot, causing it to rise and inflame, from

which plaintiff was sick and sore for many weeks, to the damage of plaintiff in the sum of $800.00; that he was forced and compelled to pay out sums of money in endeavoring to cure the said wound, in the sum of $100.00; that he was forced to lose time from his business on account of said sickness, to his damage in the sum of $100.00." On a former writ of error this declaration was held to state a cause of action. Pelot v. Atlantic Coast Line R. Co., 60 Fla. 159, 53 South. Rep. 937.

At the conclusion of the plaintiff's testimony the jury retired and the defendant moved the court to instruct a verdict for the defendant on the ground that the plaintiff had not made out a case for recovery under the declaration. The Judge stated that while he was of opinion that the declaration did not allege such a cause of action as would entitle the plaintiff to a verdict, the Supreme Court had ruled otherwise in this case, "and the court would put it up to the Supreme Court again to determine the matter." An exception was taken and error is assigned and argued on this ruling. The defendant was entitled to a ruling by the trial judge on the merits of his motion for an instruction in his favor. In view of the fact that the judge did in terms deny a similar motion made at the close of all the testimony, the above ruling will be regarded as a denial on its merits of the motion then made for an instruction in favor of the defendant.

A verdict for the defendant should never be directed by the court unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as a

question of law.   German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740.

The plaintiff testified that he was going toward an inner door in the car, and as he "got in front of the door the porter slammed the door open, and announced the station, and it struck me on my foot and came up to" the place on the foot indicated and stated to have been the instep.   This was sufficient to make a prima facie case of injury in the operation of the train by a negligent, violent and sudden act of the defendant's servant as alleged.

The defendant railroad company endeavored to remove the presumption of negligence placed upon it by the statute upon a showing of the injury, by producing evidence that the porter was not negligent in opening the door as alleged.   This presented a question for the jury and it was settled by them.   The charges given were in substantial accord with previous decisions of this court and are not erroneous.

One of the grounds of the motion for new trial is that the verdict is excessive, and this is argued here.   The declaration claimed $100.00 for expenses incurred, $100.00 for loss of time from business, and $800.00 for injuries. There is evidence that perhaps $50.00 were paid for expenses for medical attention and medicine because of the injury.   While there is no positive testimony that the plaintiff actually lost anything by inability to attend his business as usual, it may be reasonably inferred that he incurred at least some loss on this account, but not $100.00 as claimed.   This leaves something more than $340,00 for injuries to the plaintiff's foot.   There is evidence that the plaintiff suffered more or less for several weeks from the injury to his foot, and that he was suffering some at the time of the trial.   There was no

break in the skin, and only bruises that were and continued to be painful. The court is of opinion that as from the evidence of injury the jury may lawfully have awarded the amount of the verdict, it should not be disturbed.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.