### PACIFIC S. S. CO. v. SUTTON.

(Circuit Court of Appeals, Ninth Circuit. August 24, 1925. Rehearing Denied October 12, 1925.)

No. 4483.

1. **Pleading** ⊜236(3)—**Refusal to allow trial amendment of answer held not abuse of discretion.**

Refusal, in action for assault on passenger while ship was en route from Alaska to Seattle, to allow, during trial, amendment of answer to set up that any assault was in British Columbia waters, and that under laws of Canada defendant was not liable, was not abuse of discretion.

2. **Shipping** ⊜166(1)—**Contract obligation of carrier to protect passenger from assault of its servants.**

Duty of carrier to protect passenger from assaults of its servants is a contract obligation arising from sale of passage on ship.

3. **Shipping** ⊜166(2)—**Condition that passenger must present claim in 10 days waived by not pleading.**

Condition of passenger ticket that passenger must present written claim for damages within 10 days after arrival of ship is waived by not being pleaded by defendant carrier.

4. **Shipping** ⊜166(2)—**Under facts, condition of ticket for presenting written claim of damages unreasonable and not binding.**

Condition of ticket that passenger must present written claim for damages within 10 days after arrival of ship, under facts of case —passenger, a minor, having at once told captain, who promptly reported to company's office, and on ship's arrival having been taken to company's office, where she made statement which was taken, and having to go to school in another state, where she was confined in hospital—*held* unreasonable, and not binding.

5. **Removal of causes** ⊜111—**Jurisdiction, fixed prima facie by petition for removal, continues till contrary established.**

Jurisdiction in the federal court, fixed prima facie by petition for removal, continues till it is established by proof to a final certainty that court is without jurisdiction.

6. **Witnesses** ⊜29—**Mileage traveled within district by witnesses voluntarily coming from out of state properly taxed.**

Taxing mileage of witnesses for distance actually and necessarily traveled within the district, though they voluntarily came from without the state, *held* proper under rule of District Court.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Action by Margaret Sutton, by Margaret Hall, guardian ad litem, against the Pacific Steamship Company. Judgment for plaintiff (3 F.[2d] 72, 75), and defendant brings error. Affirmed.

Grosscup & Morrow, of Tacoma, Wash., and Chas. A. Wallace and John Ambler, both of Seattle, Wash., for plaintiff in error.

Egan & Moriarty and Poe, Falknor, Falknor & Emory, all of Seattle, Wash., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. This action for damages for an assault committed by employees of the steamship company was instituted in behalf of Margaret Sutton in the state court, but, upon the ground of diversity of citizenship, on petition of the steamship company, the cause was removed to the federal court.

Plaintiff is an Indian girl 15 years old. She was going to an Indian school in Chemawa, Or. For her benefit and use a ticket was purchased from defendant, entitling her to transportation as a passenger on the ship Admiral Evans from Petersberg, Alaska, to Seattle, Wash. Her complaint alleged that pursuant to the contract of carriage she became a passenger, and that, while the ship was en route between Petersberg and Seattle, while in her stateroom, she was assaulted and ravished and injured by two negroes then engaged in the service of the ship. Defendant answered with general denials and a plea that, if plaintiff had relations with the employees as alleged, it was at her own solicitation. Trial resulted in verdict and

judgment for plaintiff, and the steamship company asks reversal.

[1] The steamship company contends that the court should have regarded the action as in tort, and should have allowed an amendment to the answer offered upon the trial, pleading that, if the alleged assault was committed, it was when the ship was in British Columbia waters, and that under the laws of Canada defendant was not liable. Decision upon the merits of the point might well be passed, for the reason that, as the answer filed before the trial did not present the issue of the location of the vessel at the time of the alleged assault, and did not plead the British law, the refusal of the court to allow the belated proposed amendment was not an abuse of discretion.

[2] However, in our view, by the sale of the ticket there arose a contractual relationship between the company and the passenger, to which relationship the law by its own force annexed certain implied obligations and duties to be observed and performed by the parties, respectively, toward each other. The contract of carriage made it the duty of the carrier to carry safely and to protect its passenger from violence and insult committed by its own servants.

In Chamberlain v. Chandler, Fed. Cas. No. 2,575, Judge Story said: "In respect to passengers, the case of the master is one of peculiar responsibility and delicacy. Their contract with him is not for mere ship room and personal existence on board, but for reasonable food, comforts, necessaries, and kindness. It is a stipulation, not for toleration merely, but for respectful treatment. * * * In respect to females, it proceeds yet farther; it includes an implied stipulation against general obscenity, that immodesty of approach, which borders on lasciviousness, and against that wanton disregard of the feelings, which aggravates every evil, and endeavers by the excitement of terror, and cool malignancy of conduct, to inflict torture upon susceptible minds. * * * In each case the contract of the passengers for the voyage is in substance violated; and the wrong is to be redressed as a cause of damage."

In Nieto v. Clark, Fed. Cas. No. 10,262, Judge Clifford, approving Chamberlain v. Chandler, supra, held that the contract covered protection against personal rudeness from all those in charge of the vessel, and every wanton interference with the passenger's person. A similar view was taken by the court in Gillespie v. Brooklyn Heights

R. Co., 178 N. Y. 347, 70 N. E. 857, 66 L. R. A. 618, 102 Am. St. Rep. 503.

The law of contract was also held controlling in Marks v. Alaska Steamship Co., 71 Wash. 167, 127 P. 1101, where, in an action for assault committed by a steerage steward upon a passenger on a ship, the court, through Judge Chadwick, said that it was the duty of the servant upon the ship at all times to treat the passengers with respect. "Appellant by the act of employment vouched for his deportment during the voyage. A carrier owes a duty to every passenger to protect him from insult and assault. It is a part of the contract of carriage. * * * As long as respondent was a passenger on appellant's ship, appellant owed him a duty of absolute protection from the assaults and aggressions of its servants, and the rule is well nigh universal that the carrier cannot plead as a defense that the servant acted outside the scope of his employment." New Jersey Steamboat Co. v. Brockett, 121 U. S. 637, 7 S. Ct. 1039, 30 L. Ed. 1049; Hutchinson on Carriers, § 1093; Hines v. Dry Dock Co., 75 App. Div. 391, 78 N. Y. S. 170; Nevin v. Pullman Palace Car Co., 106 Ill. 222, 46 Am. Rep. 688; Moore on Carriers, pp. 948, 1177; Sherley v. Billings, 8 Bush (Ky.) 147, 8 Am. Rep. 451; Knoxville T. Co. v. Lane, 103 Tenn. 376, 53 S. W. 557, 46 L. R. A. 549; Pelot v. Atl. Coast L. R. Co., 60 Fla. 159, 53 So. 937; Busch v. Interborough R. Co., 187 N. Y. 388, 80 N. E. 197, 10 Ann. Cas. 460. It therefore follows that the court was right in treating the case as in contract, controlled by the general principles stated.

[3, 4] But it is contended that, if the action is held to be one in contract, defendant must fail because of the clause printed upon her ticket, which provided that all claims of the purchaser for damage sustained while on the designated voyage "shall be in writing, presented either at the office of the company's general passenger agent, city of Seattle, state of Washington, or at the office of the agent of the company at place where purchaser is landed, within 10 days after the purchaser be landed." It is to be noted that the company did not plead, in its answer upon which trial was had, that the right of action was barred by the failure of the plaintiff to present a claim for damage in writing within 10 days after her arrival in Seattle, and first presented the point on its motion for a directed verdict, and by request for leave to amend after the close of the evidence. The court denied both motions.

Under such circumstances the better rule is that, where a defendant relies upon a condition precedent in a contract as an excuse for not performing, it must set out the condition and the breach so that the court may be advised of the issues for trial, and that, if there is no such plea, the provision of the contract is waived. Southern R. Co. v. Cotton Mills, 187 F. 72, 109 C. C. A. 390; Schneider Co. v. American Ice Machine Co., 77 F. 138, 23 C. C. A. 89; Port Blakely Mill Co. v. Ins. Co., 50 Wash. 657, 97 P. 781; Gibson v. Atlantic Coast R. Co., 88 S. C. 360, 70 S. E. 1030; Richardson v. New York Central, 122 App. Div. 120, 106 N. Y. S. 702. Furthermore, the facts of this case are that the defendant company was given very prompt notice of the injury done to the plaintiff by the servants of the defendant. The undisputed evidence is that on the night the assault occurred she told the captain, and that he promptly reported to the company's office at Seattle. It was also proven that when the ship reached Seattle the girl was taken by the ship's master to the company's office, where she was questioned by attorneys representing defendant, and there made a detailed statement, which was taken by a stenographer and afterwards extended; that plaintiff below was then 15 years old. It also appeared that, after giving her statement in Seattle, she went to the school in Oregon, and on October 10th was sent to the hospital, suffering from a venereal disease, and that she was discharged from the hospital on October 27th. In the light of these facts and circumstances, it cannot be the law that the minor was bound by the 10-day limitation clause of the ticket for giving written notice of her injury and claim. Southern Pac. Co. v. Stewart, 233 S. W. 956, 147 C. C. A. 630. We do not construe the decisions in Gooch v. Oregon Short Line, 258 U. S. 22, 42 S. Ct. 192, 66 L. Ed. 443, and St. Louis v. Starbird, 243 U. S. 592, 37 S. Ct. 462, 61 L. Ed. 917, as holding against our view, that under the facts the limitation was unreasonable.

[5] Jurisdiction is questioned because Margaret Sutton is an Indian child of an Indian mother, living in Alaska. But the steamship company, in its petition for removal of the case, alleged that at the time of the commencement of the action plaintiff was, and ever since had been, a citizen and resident of the state of Oregon. No issue was tendered upon the question of citizenship. Plaintiff in error, by its petition for removal, fixed prima facie jurisdiction in

the United States District Court for Washington, and jurisdiction therein continued until it was established to a final certainty that the court was without jurisdiction. There was no such proof. Hartog v. Memory, 116 U. S. 588, 6 S. Ct. 521, 29 L. Ed. 725; Big Sespe Oil Co. v. Cochran (C. C. A.) 276 F. 216; Pike County v. Spencer, 192 F. 11, 112 C. C. A. 433.

[6] In taxation of costs the clerk included mileage of two witnesses (who voluntarily went from Oregon to Seattle) from the Washington state line to Seattle, within the limits of the district where they testified for plaintiff. Objection is urged upon the ground that mileage is only taxable for the distance which can in a specific case be reached by subpoena, or mileage for 100 miles for the witnesses referred to. The rule of the United States District Court for the Western District of Washington provides that, where a witness has attended from a point without the district, his mileage shall be taxed according to the distance actually and necessarily traveled by him within the limits of the district. Judge Neterer held that the practice of the District Court in Washington has been to follow that rule as to witnesses voluntarily appearing, and we do not see that the practice is in conflict with the statutes as construed in Kirby v. United States (C. C. A.) 273 F. 391.

The judgment is affirmed.