123 So.2d 369 (1960)
Jesse HENDERSON, Appellant,
v.
Willie TARVER et al., Appellees.
No. 1737.
District Court of Appeal of Florida. Second District.
October 5, 1960.
*370 John A. Hanley of Bacon & Hanley, St. Petersburg, for appellant.
Fred G. Minnis of Minnis & Williams, St. Petersburg, for appellees.
SHANNON, Judge.
This is an appeal by one of the defendants below from a jury verdict and judgment entered for the plaintiff in the amount of $10,000.
The plaintiff, Tarver, and his companion, Mehalia Jelks, hailed a taxi one evening in January, 1959. The taxi that picked them up was owned by the appellant, Jesse Henderson, and was driven by an employee, one Harold Parker. Tarver gave the driver the destination, but instead of proceeding directly the driver went first to the cab company office. At the office the plaintiff saw a policeman and a crowd of people and he asked the driver what was happening. Parker told him that a 1959 Cadillac was being raffled and the plaintiff asked Parker to wait while he purchased a ticket. Thereupon, Tarver got out of the taxi, leaving his woman companion in the back seat. While Tarver was absent, the appellant, Henderson, who was the owner of the cab, got into the taxi and told Parker to take him to a nearby address. The cab drove off with Mehalia Jelks still in the back seat. A short time later the cab returned. Tarver was waiting outside the taxi office, and, according to the record, he was angry about Parker driving away with Mehalia. After an exchange of strong words, Tarver got back into the cab and told Parker to proceed to the original destination. Parker refused to drive them anywhere, and an argument ensued. Eventually, both Tarver and Mehalia got out of the cab. Mehalia started to walk away, but Tarver continued to argue. Parker then reached into the cab, produced a gun, and shot Tarver in the chest. According to the testimony in the record, Tarver was never closer to Parker than arm's length, and, in addition, Tarver was unarmed.
The bullet caused a serious lung injury and Tarver's recovery involved several operations and a long hospital stay. There was also a permanent lung disability.
Tarver sued Parker, Henderson and the cab company for assault and battery. The case was tried before a jury and resulted in a verdict for Tarver in the amount of $10,000, for which judgment was entered. Henderson, the owner of the taxi, has taken this appeal on the theory that the contract of carriage had terminated before the tort and that therefore he cannot be held liable. The appellant's main points concern the refusal of the trial court to direct a verdict for him individually, and the sufficiency of the evidence to support the jury's verdict.
The rules concerning directed verdict have been well established in this state. In Budgen v. Brady, Fla.App. 1958, 103 So.2d 672, 674, the First District stated the rule as follows:
"* * * The rule governing directed verdicts is that if no evidence is introduced upon which the jury may lawfully find a verdict for one party, the jury may be directed to find for the opposite party * * *. Furthermore, a party who moves for a directed verdict admits not only the facts proved by the evidence adduced, but also admits every conclusion favorable to the adverse party that the jury might fairly and reasonably infer from the evidence. And, when there is room for a difference of opinion between reasonable men as to the existence of evidentiary facts from which an ultimate fact is sought to be established, or when there is room for such difference as to the inferences which might reasonably be drawn from conceded facts, the court should submit the case to the jury for its finding. It is the jury's conclusion that should prevail in such case, and not the views of the judge."
*371 See also the decision of this court in Atlantic Coast Line R. Co. v. Burquest, Fla. App. 1958, 101 So.2d 828.
Florida law is also clear on the liability of a carrier. In Pelot v. Atlantic Coast Line R. Co., 60 Fla. 159, 53 So. 937, 938, the Supreme Court adopted the view that a carrier is responsible for those wrongful acts of his employees which injure passengers while a contract of carriage is in existence. In that case the court said:
"* * * Whatever may be the motive which incites the servant to commit an unlawful or improper act toward the passenger during the existence of the relations of carrier and passenger, the carrier is liable for the act and its natural and legitimate consequences. (Citing authority.) Passenger carriers, by their contracts, bind themselves to carry safely those whom they take into their coaches or cars as far as human foresight will go; that is, for the utmost care and diligence of very cautious persons." (Citing authority.)
The appellant's case is bottomed on the theory that the contract of carriage was no longer in effect when the tort occurred. He argues that this contract terminated when Parker refused to drive Tarver and Mehalia any further, and that, for lack of a carrier-passenger relationship, he is entitled to a directed verdict. We cannot accept this view, and we find that the question of the status of Tarver as a passenger was properly for the jury.
It is well established rule of law that once the relationship of carrier and passenger is established, it will not ordinarily terminate until the passenger has safely alighted at his destination. See 10 Am.Jur., Carriers, § 1004; 13 C.J.S. Carriers § 563. The destination of the passengers in this case was certainly not the taxi office. This was merely a stop enroute as far as they were concerned. If the carriage is delayed short of the ultimate destination, or if the passenger temporarily leaves the vehicle, it then becomes a question of fact as to whether or not the relationship of carrier and passenger terminates. See 10 Am.Jur., Carriers, § 1011. We have such a question of fact presented here, with conflicting evidence and with testimony supporting both sides. It seems to us, therefore, that the resolution of this question was clearly for the jury. The trial court was correct in refusing to direct a verdict for the appellant as the evidence in the case could have been viewed in at least two different ways by reasonable men.
We dispose of the appellant's other question in a similar manner. Since there is ample evidence to support their verdict, we see no reason to invade the province of the jury and the verdict will not be disturbed.
Affirmed.
KANNER, Acting Chief Judge, and REVELS, P.B., Associate Judge, concur.