HENDRY, Judge.
The sole issue raised for consideration in this appeal is whether the trial court erred in dismissing the appellants’ cross-claim for contribution under Section 768.31, Florida Statutes, against Metropolitan Dade County, d/b/a Metropolitan Transit Agency.
The stated facts of the cause reflect that the appellants were joint owners of a motor vehicle, and on September 22, 1977 they were driving north on Northeast 22nd Avenue at North Miami Beach, Dade County, an avenue having one lane for each direction of traffic. Leon Terkel, a fifteen year old boy, who had been a passenger on a north bound Metropolitan Transit Agency bus, had disembarked from said bus and was crossing Northeast 22nd Avenue in front of the bus in order to cross to the west side of the avenue. As the Terkel boy and a fellow passenger entered the southbound lane of Northeast 22nd Avenue, the appellants’ vehicle passed the bus and two other vehicles that were stopped behind it. Appellants’ vehicle, while allegedly traveling at an excessive rate of speed, struck the boy who died shortly thereafter as a proximate result of the injuries sustained from the impact.
The plaintiffs in the cause below, the parents of the deceased minor, initially filed suit under the Wrongful Death Act, Section 768.16, Florida Statutes, against the Sheirs, seeking compensatory and punitive damages for the death of their son. Appellants filed their answer and a third-party complaint for contribution against Metropolitan Dade County, d/b/a Metropolitan Transit Agency, alleging negligence on the part of its bus driver; the appellee filed its answer and a motion to dismiss the third-party *1116 complaint, which was granted. Thereafter, pursuant to an agreed order, the Terkels filed an amended complaint naming Dade County as an additional defendant in the main action. Appellants/defendants then filed a cross-claim for contribution against Dade County, and it, in turn, filed a motion to dismiss the amended complaint, which was granted with leave to amend. Dade County also filed an answer to appellants’ cross-claim. The Terkels subsequently filed a second amended complaint against the Sheirs and Dade County. Appellee filed motions to dismiss both the second amended complaint and the cross-claim; the trial court granted the former motion with leave to once again amend, and granted the latter motion to dismiss the cross-claim. It is from this final order granting the motion to dismiss the cross-claim that the appellants filed their notice of appeal.
The pertinent part of the subject order reads as follows:
“It is the opinion of the court that no cause of action can be stated against METROPOLITAN DADE COUNTY under any of the factual circumstances alleged in either the Second Amended Complaint or the Cross-Claim. On a procedural basis, the Cross-Claim now fails because METROPOLITAN DADE COUNTY had been dismissed as a Defendant in chief. The proper action against METROPOLITAN DADE COUNTY by the Defendants, ARNOLD SHEIR and JACQUELINE SHEIR, would now be by way of a Third Party Complaint as opposed to a Cross-Claim. Counsel for the Defendants, ARNOLD SHEIR and JACQUELINE SHEIR, has stated that he can espouse no further cause of action in a Third Party Complaint than he has in the Cross-Claim against METROPOLITAN DADE COUNTY. It is the finding of the Court that it would serve no useful purpose to allow further pleading in this matter and counsel for all parties have agreed that they do not wish to plead further. Therefore, it is “ORDERED AND ADJUDGED that the Cross-Defendant’s, METROPOLITAN DADE COUNTY, Motion to Dismiss Cross-Claim filed by the Defendants, ARNOLD SHEIR and JACQUELINE SHEIR, be and the same is hereby granted with prejudice, and said Cross-Defendant, METROPOLITAN DADE COUNTY shall go hence without day.”
In Brandon v. County of Pinellas, 141 So.2d 278 (Fla.2d DCA 1962, the court reiterated the fundamental principle that in passing on a motion to dismiss, the court must assume all facts alleged in the complaint to be true but mere statements of opinion or conclusion unsupported by specific facts will not suffice. See also, The Other Place of Miami, Inc. v. City of Hialeah Gardens, 353 So.2d 861 (Fla.3d DCA 1978). In the instant cause, the gravamen of the complaint and subsequent amendments thereto is that the busdriver was negligent by: (1) stopping or standing upon the paved or main traveled part of the highway when it was practicable to stop off the highway; and (2) obstructing the normal use of a street, which endangers the safe movement of vehicles and pedestrians thereon; (3) failing to warn persons who had been passengers when they were attempting to cross the avenue.
Numerous authorities define the status of a common carrier passenger as one who enters or occupies the carriers’ vehicle or conveyance for the purpose of transportation with the carrier’s express or implied consent, and he ceases to be a passenger at the time he safely alights from the carrier’s vehicle or conveyance. See, Henderson v. Tarver, 123 So.2d 369 (Fla.2d DCA 1960); cf. Pividal v. City of Miami, 105 So.2d 502 (Fla.3d DCA 1958). The deceased in the case sub judice had accomplished a safe departure from the bus.
As to the allegedly negligent stop of the bus upon the “paved or main traveled part of the highway”, it must be stressed that on a two-lane road such as we are dealing with here, it is an impossibility to require the busdriver to “create space” in order to pull off the paved road to pick up or discharge the passengers. The Florida State Uniform Traffic Court Act, Section *1117 316.124(1) and (2), Florida Statutes (1971), (renumbered Section 316.194, effective October 1, 1977), directs that:
“(1) Upon any highway outside of a municipality, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park, or so leave the vehicle off such part of the highway; but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles, and a clear view of the stopped vehicle shall be available from a distance of two hundred feet in each direction upon the highway.
“(2) This section shall not apply to the driver or owner of any vehicle which is disabled while on the paved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving the disabled vehicle in such position, or to passenger-carrying buses, temporarily parked while loading or discharging passengers, where highway conditions render such parking off the paved portion of the highway hazardous or impractical.” [Emphasis added.]
As to the third allegation of negligence, to-wit: failing to give warning to the deceased that an automobile was approaching the location where he was standing while attempting to cross the avenue, there is no authority to support the theory that a busdriver has a duty to warn passengers who have safely alighted the bus of a possible danger beyond that point.[1]
Thus, upon review of the record and briefs, as well as having heard oral argument of the parties, we affirm the trial court’s dismissal of the cross-claim on the ground that it fails to state a legally-recognized cause of action.
Affirmed.

. However, there is authority for the proposition that a transporter of children owes a duty of reasonable care to the children transported to protect them from certain hazards after the children have alighted from the bus. See Cruz v. Hundley, 371 So.2d 698, (Fla.3d DCA 1979): McClure v. Johnson, 50 Ariz. 76, 69 P.2d 572 (1937); Jablinsky v. Continental Pacific Times, Inc., 58 Wash.2d 702, 364 P.2d 793 (1961).