PER CURIAM.
The plaintiff, Joshua Cecil, appeals from a final summary judgment entered in favor of the defendants, D’Marlin, Inc. and Paul Do-nofrio. We affirm.
The plaintiff was a passenger of a mini-bus owned by D’Marlin and driven by Donofrio. When the plaintiff reached his destination, the mini-bus driver stopped the bus and the plaintiff safely disembarked from the bus. Thereafter, he attempted to cross U.S. 1 and was struck by a car. The plaintiff filed a negligence action against the defendants seeking damages for the injuries he sustained. The defendants moved for summary judgment. The trial court granted the motion and entered final summary judgment in favor of the defendants.
Whether a legal duty exists is a question of law, and therefore, an appellate court is permitted to determine whether a legal duty exists under a specific factual scenario. See McCain v. Florida Power Corp., 593 So.2d 500, 503 (Fla.1992). ‘Where a defendant’s conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses.” McCain, 593 So.2d at 503 (quoting Kaisner v. Kolb, 543 So.2d 732 (Fla.1989)); see also Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983).
In the instant case, since the bus driver’s conduct in no way created a “foreseeable zone of risk,” a legal duty did not *1139 arise. Therefore, the defendants cannot be held liable for injuries that the plaintiff sustained when he attempted to cross U.S. 1 after safely disembarking from the mini-bus. Accordingly, we affirm.
The remaining point raised by the plaintiff lacks merit.
Affirmed.