PER CURIAM.
Abelardo Angulo and Mount Sinai Medical Center of Greater Miami, Inc. appeal from the denial of their motion for summary judgment following a full jury trial and entry of judgment for the plaintiffs. We affirm.
Mount Sinai Hospital operates a minivan service to transport patients and their companions between the hospital and then-residences. Matilde Szklaver accompanied her husband, Lipman Szklaver-a patient at Mount Sinai Hospital-to the hospital for radiation therapy; they used the hospital’s minivan service. When they arrived at the hospital, Mrs. Szklaver realized that she had forgotten her husband’s medication. She asked the minivan driver to take her back to her apartment on Miami Beach to pick up the medication and then to return her to the hospital. The driver agreed; drove Mrs. Szklaver back to her apartment; and as she disembarked, told her to hurry, as he was running late. He had stopped the van across the street from her apartment. As Mrs. Szklaver stepped away from the bus to cross the street, she was hit by a passing car.
The Szklavers sued Mount Sinai, the driver of the minibus, and the driver whose car hit Mrs. Szklaver. The hospital and the van driver moved for summary judgment on the ground that the driver’s duty to Mrs. Szklaver ended once she had safely disembarked from the minibus. The trial court denied the motion for summary judgment, and the case proceeded to a jury trial. The jury found Mount Sinai and its driver 45% at fault; the driver of the car that struck Mrs. Szklaver 30% at fault; and Mrs. Szklaver 25% at fault. The plaintiffs were awarded $120,000.00; defendants Mount Sinai and its driver appeal.
Generally, a bus driver owes no duty of care to a passenger once that passenger has safely disembarked from the bus. See Cecil v. D’Marlin, 680 So.2d 1138 (Fla. 3d DCA 1996) (holding that the owner and driver of a minibus could not be held liable for injuries that the plaintiff sustained when he attempted to cross the street after safely disembarking from the minibus); Sheir v. Metropolitan Dade County, 375 So.2d 1114 (Fla. 3d DCA 1979) (holding that common carrier passenger ceases to be passenger when he safely alights from the carrier’s vehicle). However, in this case Cecil and Sheir do not circumscribe the duty that Mount Sinai and its driver owed to these plaintiffs.
At trial, there was testimony that the minibus was not a mere conveyance; it was a special curb-to-curb service provided to patients of Mount Sinai and their companions. The driver himself testified that he was supposed to find the safest place to drop off the passengers, and that he was required to assist passengers stepping down onto the roadway and walk them to the sidewalk. The driver was supposed to find the closest curb to the entrance of the building where the passenger was going, so that the passenger did not have to cross the roadway. The driver also testified that Mount Sinai required its drivers to turn on their flashers when unloading passengers. There was conflicting evidence presented at trial as to whether those flashers were on when Mrs. Szklaver disembarked.
*564 In short, Mount Sinai operated a special service for its patients and their companions and undertook special duties to them. Mount Sinai undertook to find the safest place to discharge their passengers and to escort them safely to the curb. They failed to do either for Mrs. Szklaver and violated their own standards.
The hospital’s undertaking of this special duty distinguishes this case from Cecil and Sheir. A jury could properly find the defendants liable because they created a foreseeable zone of risk that posed a threat of harm to Mrs. Szklaver. See Kaisner v. Kolb, 543 So.2d 732, 735 (Fla.1989); McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992). Once the defendants undertook that special duty, they had a duty not to increase the danger to those within the zone of risk. See Henderson v. Bowden, 737 So.2d 532 (Fla.1999). See also Feldotto v. St. Louis Public Serv. Co., 285 S.W.2d 30, 32 (Mo.Co.App.1955) (holding that part of bus driver’s duty in transporting passengers is to take care “to put them off at a reasonable safe place.”); Tulsa Yellow Cab, Taxi, & Baggage Co. v. Salomon, 181 Okla. 519, 75 P.2d 197 (1938) (holding that whether driver of taxicab owed duty to assist a departing passenger in alighting was question for jury under proper instructions). See generally, Jay M. Zitter, Annotation, Liability of Motorbus Carrier or Driver for Death of, or Injury to, Discharged Passenger Struck by Other Vehicle, 16 A.L.R. 5th 1 (1993).
This opinion should not be read to impose a duty of care on all bus drivers to discharge their passengers at the safest possible location, or to require all bus drivers to escort their passengers safely to the curb. The general rule announced in Cecil and Sheir still holds true: a bus driver and owner do not owe a duty to a passenger once that passenger safely disembarks from the bus, attempts to cross the road, and is struck by a car. Nor does this opinion absolve passengers from their duty to exercise due care when alighting from a bus and then attempting to cross the road. The jury clearly understood that principle when it assigned 25% of the fault for the accident to Mrs. Szklaver.
However, once Mount Sinai undertook to provide a curb-to-curb transportation service for its patients and their companions; required its drivers to choose the safest location to discharge those passengers, namely on the same side of the street as their residence; and required its drivers to assist the passengers from the bus to the curbside, a breach of those duties created a basis for a jury’s finding of negligence.
AFFIRMED.